---

In re WEST.

(District Court, D. Oregon. February 9, 1904.)

No. 746.

1. BANKRUPTCY—LIEN—ASSIGNEE OF WAGES EARNED AFTER ADJUDICATION.

An assignment to secure a debt of wages to be earned by the debtor, either under a general or specific employment, creates no lien until the wages have been earned, and where, prior to that time, the debtor is adjudged a bankrupt, and is subsequently discharged, the debt is extinguished from the date of the adjudication, and no lien arises as to wages earned thereafter, which become the property of the bankrupt free from the claims of all creditors, including the assignee.

In Bankruptcy.

Claud Strahan, for petitioner Star Loan Co.
O. P. M. Jamison, for petitioner F. N. Jamison.
Paul R. Deady, for bankrupt.

BELLINGER, District Judge. The controversy in this case involves wages earned by the bankrupt after the adjudication in bankruptcy and before the discharge.

The bankrupt was an employé of a railroad company under a general employment. On May 20, 1903, he assigned to the Star Loan

Company his wages to be earned up to the last day of December of that year, for a valuable consideration. On August 3d of the same year, for the purpose of securing $33 borrowed money, he assigned to F. N. Jamison wages to become due him from the railroad company for the months of August, September, and October. West was adjudged a bankrupt on September 4th, and a final discharge was entered November 6th. During the month of October he earned wages in the sum of $49, which sum the loan company and Jamison petition to have applied in satisfaction of their claims under the assignments referred to.

The theory of a lien upon the earnings of future labor is not that it attaches to such earnings from the moment of contract of pledge or assignment, but from the moment of their existence. It is needless to say that there can be no lien upon what does not exist. A pledge or assignment of future wages under an existing employment is said to create an equitable interest in such wages. Stott v. Franey, 20 Or. 410, 26 Pac. 271, 23 Am. St. Rep. 132. This is true of wages earned upon a general employment, as well as those earned upon a definite contract. In this case the railroad company was under no obligation to employ the bankrupt, nor he to work for the company. If future earnings in such a case can be said to have a potential existence, they are the subject of an agreement for a lien; but the lien, or the so-called equitable interest, does not attach until the wages come into existence, and until the lien does attach there is no lien. The discharge in bankruptcy operated to discharge these obligations as of the date of the adjudication, so that the obligations were discharged before the wages intended as security were in existence. The law does not continue an obligation in order that there may be a lien, but only does so because there is one. The effect of the discharge upon the prospective liens was the same as though the debts had been paid before the assigned wages were earned. The wages earned after the adjudication became the property of the bankrupt clear of the claims of all creditors. Collyer on Bankruptcy, 509. These debts cannot escape the operation of the bankruptcy law by an agreement for a lien upon what the debtor expected to earn, but did not earn until after the adjudication of bankruptcy.

The petition in each of these cases is dismissed.