CITIZENS LOAN ASSOCIATION *vs.* BOSTON AND MAINE RAILROAD.

Worcester.    October 2, 1907. — November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Bankruptcy.    Assignment,* Of future earnings.

A debt is not extinguished by a discharge in bankruptcy which is a bar to its recovery, but continues after such discharge as a moral obligation which cannot be enforced by a legal remedy.

An assignment of future earnings which may accrue under an existing contract of service, although the employment is indefinite as to time and compensation and is

terminable at will, creates a present right which is enforceable both at law and in equity.

*It may be* that an agreement to execute an assignment of wages, which does not constitute a present assignment, can be enforced in equity when the wages actually have been earned, even after a subsequent discharge in bankruptcy.

An assignment of future earnings under an existing employment, given before bankruptcy without fraud for a present consideration and recorded according to law, to secure a valid debt, the remedy upon which afterwards is barred by a discharge in bankruptcy, is a lien preserved by § 67 d of the bankruptcy act of 1898 and is not affected by the discharge in bankruptcy of the assignor.

CONTRACT by the Citizens Loan Association, a corporation, against the Boston and Maine Railroad on an instrument in writing dated February 27, 1905, assigning to the plaintiff all the wages thereafter to become due from the defendant to one Stephen J. Westcott for services to be performed by him as a conductor within two years from the date of the assignment, whereunder there was alleged to have become due to him the sum of $91.94. Writ in the Central District Court of Worcester · dated June 7, 1906.

The defendant in its answer, in addition to a general denial and an allegation of payment, alleged that Westcott, the assignor, was adjudicated a bankrupt on December 13, 1905, and was granted a discharge in bankruptcy on March 21, 1906, and set up these decrees in bankruptcy as a bar to the plaintiff's claim.

On appeal to the Superior Court the case was submitted to *Gaskill*, J., upon an agreed statement of facts, by which it appeared that Westcott was adjudicated a bankrupt and was granted a discharge in bankruptcy at the dates alleged in the answer, and that the assignment sued upon was given by Westcott on February 27, 1905, while in the employ of the defendant as a conductor, as security for the payment of a note given by him to the plaintiff for money lent by the plaintiff to Westcott at that time.

It was agreed that at the date of the plaintiff's writ there was due from the defendant for services performed by Westcott in his capacity as conductor a sum in excess of the amount due the plaintiff under the assignment, to wit, a sum of not less than $200, which was due for services performed before and after the date of the adjudication of the bankruptcy of Westcott. It

further was agreed that " the only question intended to be raised by these facts is whether this assignment of wages can be enforced after said bankruptcy proceedings and the discharge therein."

The judge found for the plaintiff, and assessed damages in the sum of $70. Judgment was entered in accordance with this finding, and the defendant appealed.

The case was submitted on briefs.

*C. M. Thayer & A. H. Bullock,* for the defendant.

*W. Thayer, H. W. Cobb & F. A. Walker,* for the plaintiff.

RUGG, J. The single question presented by this appeal is whether an assignment of wages to be earned in an existing employment, given before bankruptcy, without fraud, and upon sufficient consideration, to secure a valid subsisting debt, and duly recorded, can be enforced, after the discharge in bankruptcy of the assignor, as to wages earned in the course of the original employment, by the creditor, who has not proved his debt in bankruptcy. A debt is not extinguished by a discharge in bankruptcy. The remedy upon the debt, and the legal, but not the moral, obligation to pay, is at an end. The obligation itself is not cancelled. *Champion* v. *Buckingham,* 165 Mass. 76. *Heather* v. *Webb,* 2 C. P. D. 1.

An assignment of future earnings, which may accrue under an existing employment, is a valid contract and creates rights, which may be enforced both at law and in equity, whichever may in a particular case be the appropriate forum. *Tripp* v. *Brownell,* 12 Cush. 376. *Weed* v. *Jewett,* 2 Met. 608. *Brackett* v. *Blake,* 7 Met. 335. *Hartley* v. *Tapley,* 2 Gray, 565. *Gardner* v. *Hoeg,* 18 Pick. 168. *Taylor* v. *Lynch,* 5 Gray, 49. *Lannan* v. *Smith,* 7 Gray, 150. *St. Johns* v. *Charles,* 105 Mass. 262. *Lazarus* v. *Swan,* 147 Mass. 330, 333. *James* v. *Newton,* 142 Mass. 366. These cases proceed upon the theory that the worker under contract for service, though indefinite as to time and compensation and terminable at will, has an actual and real interest in wages to be earned in the future by virtue of his contract. He may recover for an unjustifiable interference with such an employment as for an injury to any other vested property right. *Moran* v. *Dunphy,* 177 Mass. 485. *Berry* v. *Donovan,* 188 Mass. 353. It is plain that one may sell wool to

be grown upon his own sheep, or a crop to be produced upon his own land, but not that to be grown or produced upon the sheep or land of another.   No more can one assign wages, where there is no contract for service.   *Jones* v. *Richardson*, 10 Met. 481.   *Low* v. *Pew*, 108 Mass. 347.   *Egan* v. *Luby*, 133 Mass. 543.   But profitable employment is a realty.   Wages to be earned by virtue of an existing employment are no more shadowy or insubstantial than the fleece of next spring or the crop of the following autumn.   Money to accrue from such service is not a bare expectancy or mere possibility, but a substance capable of grasp and delivery.   It constitutes a present, existing right of property, which may be sold or assigned as any other property.   Although not in the manual possession of the assignor, it is in his potential possession.   The transfer of this potential possession creates the assignee a lienor upon the property right.   The holder of such an assignment stands upon a firmer plane than the mortgagee of future acquired property, who has only the right by contract to act betimes in the future for his protection.   *Wasserman* v. *McDonnell*, 190 Mass. 326.   The assignee of wages to be earned under an existing contract gets a present right, perfect in itself, requiring no future action on his part.   Contracts for personal service are of such a character that their breach is in appropriate cases enjoined.   *Lumby* v. *Wagner*, 1 DeG., M. & G. 604.   *Duff* v. *Russell*, 133 N. Y. 678.   *Whitwood Chemical Co.* v. *Hardman*, [1891] 2 Ch. 416.   See *Philadelphia Base Ball Club* v. *Lajoie*, 202 Penn. St. 210.   It may be taken for granted that the right to future wages to be earned under such a contract does not pass to the trustee in bankruptcy.   Nor are we dealing here with a contract as to labor in terms or spirit contrary to public policy, as in *Parsons* v. *Trask*, 7 Gray, 473.   But, on the contrary, assignments of wages are recognized as valid by statute.   R. L. c. 189, §§ 32, 33, 34; c. 102, §§ 51, 57 to 67, both inclusive; c. 106, § 63.   The present case is not affected by St. 1905, c. 308, or St. 1906, c. 390.   Specific performance of contracts to labor like that in question will not be enforced.   *Arthur* v. *Oakes*, 63 Fed. Rep. 310, 318.   *Robertson* v. *Baldwin*, 165 U. S. 275.   It is only where labor has been voluntarily performed that the question now presented can arise.   It is possible that an agreement

to execute an assignment, falling short of the creation of a lien, is, when the wages have been actually earned, enforceable in equity, even after a subsequent bankruptcy or insolvency. We do not decide this, however. *Edwards* v. *Peterson*, 80 Maine, 367. *Stott* v. *Franey*, 20 Ore. 410. At lowest the assignment in question became "a specific equitable lien on the fund," *Trist* v. *Child*, 21 Wall. 441, or was "an independent collateral agreement given by way of guaranty or other security" for the main debt, and there is no reason why such an agreement should not outlive the remedy upon the debt, to secure which it was given. *Shaw* v. *Silloway*, 145 Mass. 503, 507. In either event, it was not dissolved by the bankruptcy. We have considered the contrary authorities of *In re West*, 128 Fed. Rep. 205, *In re Home Discount Co.* 147 Fed. Rep. 538, and *Leitch* v. *Northern Pacific Railway*, 95 Minn. 35, with the deference to which they are entitled. They proceed upon considerations as to the effect of an assignment of wages and the rights vesting thereunder in the assignee, as well as public policy pointed out in the latter case, which are inconsistent with what we conceive to be sound reasoning, and opposed to the numerous decisions of this court above cited concerning rights acquired under assignments of wages. In the absence of a decision to the same effect by the Supreme Court of the United States, we cannot accede to them as authoritative. Nor do we perceive anything inconsistent with the conclusion we have reached, in *Clark* v. *Clark*, 17 How. 315, *East Lewisburg Lumber & Manuf. Co.* v. *Marsh*, 91 Penn. St. 96, *Christian & Craft Grocery Co.* v. *Michael & Lyons*, 121 Ala. 84, 87, *Williams* v. *Chambers*, 10 Q. B. 337, and *Hanover National Bank* v. *Moyses*, 186 U. S. 181, which are cited as generally supporting authorities in *In re Home Discount Co.*, *ubi supra.*

The assignment to the plaintiff is a lien which was preserved by § 67 d of the bankruptcy act of July 1, 1898, c. 541, and was not affected by the discharge in bankruptcy of the assignor. This conclusion is supported by *Mallin* v. *Wenham*, 209 Ill. 252.

*Judgment affirmed.*