RACHEL HUPP, APPELLANT, v. UNION PACIFIC RAILROAD COMPANY, APPELLEE.

FILED APRIL 1, 1916. No. 18550.

Bankruptcy: LIENS: ASSIGNMENT OF WAGES. Where a debtor assigns his future wages, no lien is created thereon until such wages are actually earned. If the debtor is adjudged a bankrupt prior to the earning of the wages, the debt, if listed in bankruptcy, is extinguished, and no lien attaches by reason of said assignment to wages earned thereafter.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Carl E. Herring,* for appellant.

*Edson Rich, B. W. Scandrett* and *C. B. Matthai, contra.*

PARRIOTT, C.

June 12, 1907, one Henry F. Meyers assigned his salary, not yet earned, as an employee of the defendant, to the plaintiff in the sum of $68 to secure the payment of a promissory note.    November 7, 1907, Meyers was declared a bankrupt.    The indebtedness in question was listed in the bankrupt proceedings, and said Meyers was duly discharged in said bankrupt proceedings on the 24th day of February, 1908.    On the 29th day of April, 1908, the plaintiff notified the defendant of said assignment, and on the 20th day of May, 1908, demanded payment thereof of the defendant.    It is admitted by the defendant that, at the time of said demand, the defendant was indebted to the said Henry F. Meyers in the sum of $68.    Before the commencement of this action, the said Henry F. Meyers obtained a judgment against the defendant for the amount that was alleged to have been assigned to the plaintiff, and in said action the defendant answered, alleging that the money in question was claimed under the assignment to Rachel Hupp.    Said judgment and costs were paid by defendant.    At the conclusion of the introduction of evidence, both parties asked for an instructed verdict, whereupon the court entered judgment for the defendant.

The principal question presented herein is whether or not the debt, alleged to be due plaintiff, by reason of the assignment from Meyers, was discharged in the bankrupt proceedings.    The wages in question were earned after the adjudication in bankruptcy of said Meyers.    The employee had a legal right to assign his future wages, and the assignment created a lien upon the wages earned up to the time of the bankrupt proceeding, but the plaintiff seeks to

enforce the lien against the wages earned after such proceeding.

Under the rule laid down by the weight of authority, the plaintiff's debt was discharged in bankruptcy. The assignment created no lien upon the wages of the employee until such wages were really earned, and, the debt having been discharged before the wages were earned, it follows that at the time of the commencement of this action the plaintiff had no right to recover against the defendant by reason of such assignment.

The above proposition is fully sustained by the decision in the following cases: *In re West,* 128 Fed. 205; *Leitch v. Northern P. R. Co.,* 95 Minn. 35; *In re Home Discount Co.,* 147 Fed. 538; *In re Lineberry,* 183 Fed. 338.

The judgment of the trial court should therefore be affirmed.

BY THE COURT. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.