EDWARD J. RAULINS *vs.* LOUIS S. LEVI.

Suffolk.    November 14, 1918. — January 7, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Assignment,* Of wages.

An assignment of wages given under St. 1909, c. 514, as amended by St. 1916, c. 208, cannot be enforced against any other employer of the assignor than the one by whom he was employed when the assignment was made.

If, during the pendency of a suit to enjoin the enforcement of an assignment of wages, given in accordance with the provisions of St. 1909, c. 514, as amended by St. 1916, c. 208, against an employer of the plaintiff different from the person who employed him when the assignment was made, it appears that, while the suit was pending, the two year period, to which the assignment was limited by § 121 of the statute, expired, this furnishes an additional reason for granting the injunction.

BILL IN EQUITY, filed in the Superior Court on December 21, 1917, to restrain the defendant from enforcing an assignment of wages given by the plaintiff to the defendant as security, to compel a surrender of the assignment and for other relief.

In the Superior Court the suit was heard by *Fox,* J., upon an

agreed statement of facts and by him was reported to this court for determination.

The case was submitted on briefs.

*F. W. Mansfield,* for the plaintiff.

*F. P. Garland,* for the defendant.

PIERCE, J. This is a bill in equity in which the plaintiff seeks to enjoin the defendant from enforcing an assignment of wages against the plaintiff's present or future employers, praying that the said assignment be ordered delivered up for cancellation, for damages and for other appropriate relief. The case is before this court upon report for the determination of all questions of law arising upon the agreed facts, which the judge of the Superior Court finds to be true.

The facts sustain the contention of the defendant that, when he paid out $171.40 for the plaintiff at the request of the plaintiff and in addition cancelled a prior indebtedness of the plaintiff amounting to $234, he did what was equivalent to giving the plaintiff $405.40. There is no fact or circumstance to warrant an inference of any shift or device whereby the defendant who was not licensed to make small loans under St. 1911, c. 727, § 4, and amendments thereof sought to avoid or defeat the operation of St. 1911, c. 727. The facts distinguished the case at bar from *Thomas* v. *Burnce,* 223 Mass. 311.

The loan being for more than $300 comes within the purview of St. 1909, c. 514, as amended by St. 1916, c. 208, which went into effect on May 12, 1916. Section 121 provides that "No assignment of future wages shall be valid for a period exceeding two years from the date thereof, . . . " The assignment which this bill seeks to have cancelled was dated "this 14 day of Aug., 1916," and perforce of the statute expired and ceased to have legal effect on August 14, 1918. The bill was filed on December 21, 1917. When the bill was filed the plaintiff was in the employ of a company other than the one in whose service he was when the assignment was made. The defendant in his brief states: "The defendant does not contend that the assignment of wages in question is valid to pass title to wages earned under the [existing] contract of employment . . . , because that contract was not in existence at the time the assignment was made. *Citizens Loan Association* v. *Boston & Maine Railroad,* 196 Mass. 528,

531." If valid in its inception the assignment remained in force notwithstanding the discharge of the plaintiff in bankruptcy, until it was determined by the statutory limitation of time, by act of parties or by operation of law. *Citizens Loan Association* v. *Boston & Maine Railroad, supra.*

It is manifest that the assignment ceased to have legal force as security for a debt with the termination of the contract of service existing between the plaintiff and his employer at the time the assignment was made; and it is equally plain that thereby it was not merely suspended in its operation to revive and to attach to every new contract of service as often as made during its statutory life. The action of the defendant in serving notice of the assignment upon the new employer of the plaintiff was oppressive, and was calculated and intended to embarrass and hinder him in the lawful exercise of his trade.

At the time the bill was filed the assignment had become void by the plaintiff's change of service; and since the bill was filed it has determined by limitation of time. On either ground the plaintiff is entitled to an injunction, and to a surrender and cancellation of the instrument as prayed for, with costs; and it is

*So ordered.*