RATE, RESPONDENT, *v.* AMERICAN SMELTING & REFIN-
ING CO., APPELLANT.

(No. 4,025.)

(Submitted September 17, 1919.   Decided October 7, 1919.)

[184 Pac. 478.]

*Wages—Assignment—Liens—Bankruptcy—Effect of Discharge
—Estoppel.*

Wages—Assignment—Validity.
 1.  As a general proposition of law, an assignment of wages to be
 earned in the future under an existing employment is valid.

Bankruptcy—Discharge—Effect.
 2.  A discharge in bankruptcy, when granted, relates back to the
 date of the adjudication.

Assignment—Wages to be Earned in Future—Character of Lien.
 3.  An assignment of wages to be earned in the future creates no
 immediate lien, but one which comes into existence only as the wages
 are earned.
 [As to assignment of salary before due, see note in 41 **Am. Dec.**
 443.]

Wages—Assignment—Subsequent Discharge in Bankruptcy—Effect.
 4.  *Held,* that where an employee had given assignments covering a
 portion of his wages each month to be earned by him for over a
 year thereafter, and then filed a petition in bankruptcy and was
 adjudged a bankrupt, the lien of the assignments was extinguished
 by such discharge as to all wages earned by him after the date of
 the adjudication in bankruptcy.

Bankruptcy—Debt Remains as Unenforceable Obligation.
 5.  A discharge in bankruptcy goes only to the remedy, and does not
 cancel the debt, which remains as an unenforceable moral obligation.

Estoppel—How Established.
 6.  To establish an estoppel, the party relying upon it must show
 that he was misled to his prejudice by his opponent.

Wages—Assignment—Recovery Back of Amounts Deducted—Estoppel.
 7.  Where an employee had notified his employer, soon after he had
 given assignments of a portion of his wages to be earned by him
 in the future, that he had filed a petition in bankruptcy and claimed
 that the assignments were thereby revoked, defendant employer was
 not in position to assert that plaintiff, by accepting his pay checks
 with knowledge of the deductions made under the assignments, was
 estopped to recover the amounts so deducted.

*Appeal from District Court, Lewis and Clark County; R. Lee
Word, Judge.*

Action by George Henry Rate against the American Smelting & Refining Company. From a judgment for plaintiff and from an order denying its motion for new trial, defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Wight & Pew,* for Appellant.

While there may be some conflict of authority upon the question of the validity of an assignment of wages to be earned in the future, we think that the great weight of respectable authority upholds the validity of such assignment. (*Citizens' Loan Assn.* v. *Boston & M. R. R. Co.,* 196 Mass. 528, 124 Am. St. Rep. 584, 13 Ann. Cas. 365, 14 L. R. A. (n. s.) 1025, 82 N. E. 696.) This court, in the case of *Merchants' & M. Bank* v. *Barnes,* 18 Mont. 335, 56 Am. St. Rep. 586, 47 L. R. A. 737, 45 Pac. 218, impliedly held that an assignment of moneys to be earned in the future, under an existing contract, is valid. In that case the contract was for the hauling of cordwood, and the assignment,—or the order which was held to be its equivalent,— was held to create in the assignee an interest in the proceeds of the contract. (See, also, *Field* v. *Mayor etc. of City of New York,* 6 N. Y. 179, 57 Am. Dec. 435; *Rodijkeit* v. *Andrews,* 74 Ohio St. 104, 6 Ann. Cas. 761, 5 L. R. A. (n. s.) 564, 77 N. E. 747; *Metcalf* v. *Kincaid,* 87 Iowa, 443, 43 Am. St. Rep. 391; 54 N. W. 867.)

The contention of the respondent that the bankruptcy discharge avoided the assignments is conclusively refuted by these decisions: *Lockwood* v. *Exchange Bank,* 190 U. S. 294, 299, 47 L. Ed. 1061, 23 Sup. Ct. Rep. 751; *Chicago, B. & Q. R. Co.* v. *Hall,* 229 U. S. 511, 57 L. Ed. 1306, 33 Sup. Ct. Rep. 885.

The debt in this instance still exists morally, and while the discharge in bankruptcy deprived the creditor of the right to a personal judgment against Rate, it did not deprive him of the right to collect the amounts assigned to him. That the debt is not destroyed by bankruptcy is held by the United States

supreme court in *Zavelo* v. *Reeves,* 227 U. S. 625, Ann. Cas. 1914D, 664, 57 L. Ed. 676, 33 Sup. Ct. Rep. 365. (See, also, *Citizens' Loan Assn.* v. *Boston etc. R. Co.,* 196 Mass. 528, 124 Am. St. Rep. 584, 13 Ann. Cas. 365, 14 L. R. A. (n. s.) 1025, 82 N. E. 696.)

*Mr. Wellington D. Rankin,* for Respondent.

It has been well settled by an almost unbroken line of judicial authority that an assignment of future wages, to secure a debt dischargeable in bankruptcy, to be earned under a subsisting contract of employment, terminable at will, does not create a lien upon the wages until they have been earned, and that if in the meantime the assignor has been adjudged a bankrupt and later secures a discharge from the obligation for which the assignment was given, his earnings pass to the bankrupt, free from any claim on the part of the assignee. (Collier on Bankruptcy, 10th ed., 363; *In re West,* 128 Fed. 205; *In re Home Discount Co.,* 147 Fed. 538; *In re Lineberry,* 183 Fed. 338; *In re Gillespie,* 209 Fed. 1003; *In re Ludeke,* 171 Fed. 292; *Draeger* v. *Wisconsin Steel Co.,* 194 Ill. App. 440; *Levi* v. *Loevenhart,* 138 Ky. 133, 137 Am. St. Rep. 377, 30 L. R. A. (n. s.) 375, 127 S. W. 748; *Hupp* v. *Union Pac. Ry. Co.,* 99 Neb. 654, L. R. A. 1916E, 247, 157 N. W. 343; *Leitch* v. *Northern Pac. Ry. Co.,* 95 Minn. 35, 5 Ann. Cas. 63, 103 N. W. 704.)

The decision in the case of *Citizens' Loan Assn.* v. *Boston & Maine R. R. Co.,* 196 Mass. 528, 124 Am. St. Rep. 584, 13 Ann. Cas. 365, 14 L. R. A. (n. s.) 1025, 82 N. E. 696, cited by counsel in their brief, is contrary to the clear weight of authority, and from an examination of the opinion in the case it will be seen that the court was led to the conclusion reached, the more readily because of the existence of a statute of the state of Massachusetts, which upholds the validity of assignments of wages.

MR. JUSTICE PATTEN delivered the opinion of the court.

On February 12, 1914, respondent, being then in the employ of appellant, executed and delivered to the Flatow Mercantile

Company, of East Helena, a series of assignments for the sum of $15 each, to be paid successively, one each month, out of the wages to be earned by respondent, commencing with the month of February, 1914, and ending with the month of April, 1915. The assignments were given for the purpose of satisfying an indebtedness then owing by respondent to the Flatow Mercantile Company. Thereafter, on February 20, 1914, respondent filed his petition in bankruptcy in the district court of the United States for the district of Montana, and on the same day was adjudged a bankrupt. The claim of the Flatow Mercantile Company was listed in his petition as one of his debts. Afterward, on April 12, 1915, respondent was given his discharge as a bankrupt. On the tenth day of each month, commencing in March, 1914, and ending in May, 1915, respondent received his pay check from appellant for the previous month's wages, from each of which was deducted the $15, and each check was indorsed by respondent before payment, and had printed above his signature the statement that the amount of the check was received by him in full payment for services rendered during the previous month. In March, 1914, respondent made and served on appellant his affidavit containing, among other things, notice that he had filed his petition in bankruptcy; that the Flatow Mercantile Company was included in the schedules as a creditor; and that the assignments previously given were revoked. The money withheld from respondent's checks was paid by appellant to the Flatow Mercantile Company. This action was thereafter commenced in the justice's court for Helena township to recover the amounts retained by appellant during said period, and on appeal to the district court of Lewis and Clark county, and after a trial in that court, judgment was entered in favor of respondent. The appeals are from the judgment, and an order denying appellant's motion for a new trial.

1. It is contended in behalf of appellant that an assignment [1] of wages to be earned in the future, under an existing employment, is valid, and with this, as a general proposition of law, we agree. But the real question to be determined here is

whether or not an assignment of unearned wages creates a lien upon them which is not affected by a discharge of the debtor in bankruptcy, made after the assignment is given.   A discharge [2] in bankruptcy, when granted, relates back to the date of the adjudication.   (Collier on Bankruptcy, 10th ed., p. 363.) [3]   An assignment of wages to be earned in the future does not create an immediate lien, but one which comes into existence only as the wages are earned.   As was said in the case of *In re West* (D. C.), 128 Fed. 205: "The theory of a lien upon the earnings of future labor is not that it attaches to such earnings from the moment of contract of pledge or assignment, but from the moment of their existence.   It is needless to say that there can be no lien upon what does not exist."   This, in effect, was held in *Merchants' & M. Bank* v. *Barnes,* 18 Mont. 335, 338, 56 Am. St. Rep. 586, 47 L. R. A. 737, 45 Pac. 218.   While eminent courts have held the contrary (*Citizens' Loan Assn.* v. *Boston & Maine R. R. Co.,* 196 Mass. 528, 124 Am. St. Rep. 584, 13 Ann. Cas. 365, 14 L. R. A. (n. s.) 1025, 82 N. E. 696; *Mallin* v. *Wenham,* 209 Ill. 252, 101 Am. St. Rep. 233, 65 L. R. A. 602, 70 N. E. 564), the weight of authority, based, as we think, upon the better reasoning, establishes the rule that the discharge in [4] bankruptcy had the effect of discharging respondent's debt, and extinguishing the lien of the assignments as to all wages earned by respondent after the date of the adjudication in bankruptcy.   (Collier on Bankruptcy, p. 363; *In re West,* above; *In re Home Discount Co.* (D. C.), 147 Fed. 538; *In re Lineberry* (D. C.), 183 Fed. 338; *Levi* v. *Loevenhart,* 138 Ky. 133, 137 Am. St. Rep. 377, 30 L. R. A. (n. s.) 375, 127 S. W. 748; *Hupp* v. *Union Pac. Ry. Co.,* 99 Neb. 654, L. R. A. 1916E, 247, 157 N. W. 343; *Leitch* v. *Northern Pac. Ry. Co.,* 95 Minn. 35, 5 Ann. Cas. 63, 103 N. W. 704.) .

It is true that the discharge goes only to the remedy, and does [5] not cancel the debt, which remains as an unenforceable moral obligation (Collier on Bankruptcy, p. 362; *Citizens' Loan Assn.* v. *Boston & Maine R. R. Co.,* above), and upon this are grounded the decisions which do not accept the rule above

stated; but the effect, nevertheless, is to extinguish the lien of the assignments as to all wages then unearned. As to such wages, the lien has not come into existence, and by virtue of the discharge cannot subsequently attach thereto. In the absence of a lien, the assignments are without force or effect.

In the case of *Leitch* v. *Northern Pac. Ry. Co.*, above, it is said: "If the plaintiff had a valid lien at the time of the debtor's discharge upon his wages thereafter to be earned as security for the payment of his debt, then the discharge would not affect such vested security. This conclusion follows from the admitted proposition that a discharge in bankruptcy only relieves the debtor from all legal obligation to pay the debt, and from all liability of having his future-acquired property and earnings seized to pay the debt; but all valid and existing liens on specific property or trusts therein securing the debt are not impaired by the discharge. * * * The rule on principle and deducible from the decisions of this court is that an assignment of wages to be earned in the future under an existing contract of employment to secure a present debt or future advances is valid as an agreement, and takes effect as an assignment as the wages are earned. * * * Tested by this rule, it logically follows that the plaintiff, when the debtor filed his petition in bankruptcy, and when he received his discharge, had no lien on or vested security in the wages of the debtor thereafter to be earned by virtue of his contract, which was to take effect as an assignment when the wages were earned."

2. What is said above also disposes of the further contention made by appellant that the wages were exempt under the provisions of section 67 of the Bankruptcy Act (Act July 1, 1898, Chap. 541, 30 Stat. 564 [U. S. Comp. Stats., sec. 9651]), and for that reason the assignment was not affected by the discharge. It is unnecessary to consider whether such wages were exempt, because the right of the Flatow Mercantile Company depended upon the existence of its lien thereon, and if, as to unearned wages, there was no lien by virtue of the debtor's discharge in bankruptcy, it would follow that it had no further claim upon

them which could be asserted, and the question of exemption is immaterial. To quote further from *In re West*, above: "The discharge in bankruptcy operated to discharge these obligations as of the date of the adjudication, so that the obligations were discharged before the wages intended as security were in existence. The law does not continue an obligation in order that there may be a lien, but only does so because there is one. The effect of the discharge upon the prospective liens was the same as though the debts had been paid before the assigned wages were earned. The wages earned after the adjudication became the property of the bankrupt clear of the claims of all creditors."

3. It is also contended that the acceptance of the checks by [6] respondent in full payment of wages earned, with knowledge that the sum of $15 had been deducted from each one in accordance with the assignments, would operate as an estoppel, and so preclude respondent from now recovering the amounts withheld. To establish an estoppel it was necessary for appellant to show that it was misled by respondent to its prejudice. It is undisputed that respondent was not informed that the [7] money retained by appellant was being paid over to the Flatow Mercantile Company, and that the appellant had formal notice from the affidavit served on it in March, 1914, of the bankruptcy proceedings and of respondent's claim that the assignments were thereby revoked; so that we think it cannot be said that appellant was misled by respondent's acceptance of the checks.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.