Matthias, J.
 

 Concisely stated, the legal question presented by the record is whether an assignment of wages to be earned in the future, but under an existing employment, is affected by the discharge of the debtor in bankruptcy, and whether such assignment is enforceable as to wages earned by the assignor after his discharge in bankruptcy.
 

 
 *209
 
 The wage assignment in question, made to secure a loan of money coincident therewith, was evidently executed pursuant to and in accordance with Section 6346-7, General Code, which section provides in part: “Any assignment of wages, salary or earnings, made in accordance with the provisions of this section shall bind the wages, salary or earnings earned or to be earned by the assignor until the loan secured by such assignment and interest thereon is fully paid.” The validity of this provision has heretofore been considered and decided by this court, and it has been held that “an assignment of wages to be earned in the future under an existing employment is valid.”
 
 Rodijkeit
 
 v.
 
 Andrews,
 
 74 Ohio St., 104, 77 N. E., 747, 5 L. R. A. (N. S.), 564, 6 Ann. Cas., 761. And, again, in the case of
 
 American Laundry Machinery Co.
 
 v.
 
 Daneman,
 
 118 Ohio St., 331, 160 N. E., 897, this court announced a like holding in construing and applying the provisions of the statute limiting such wage assignment to 50 per cent, of the personal earnings of the assignor. Numerous cases are cited in the
 
 Rodijkeit case, supra,
 
 supporting the conclusion reached. It has therefore been definitely determined that an assignment of future earnings which may accrue under an existing employment is a valid contract.
 

 Under the Bankruptcy Act, one duly discharged as a bankrupt is released from all his provable debts, with certain specified exceptions, and wage assignments are not enumerated as one of such exceptions, yet it is urged that by reason of the provisions of Section 67d of the Bankruptcy Act (Title 11, Section 107(d), U. S. Code) such wage assignment is not affected by the discharge of the debtor in bank
 
 *210
 
 ruptcy. The provision in question is as follows: “Liens given or accepted in good faith and not in contemplation of or in fraud upon the provisions of this title, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by anything herein. ’ ’
 

 It must be conceded that Congress' having power to enact bankruptcy laws, the provisions of any state statute affecting the rights and liabilities of parties to such bankruptcy proceedings are subordinate and subject to the provisions of such bankruptcy statutes. Our specific question, therefore, is whether such wage assignment, executed prior to bankruptcy, without fraud, and to secure a debt contracted simultaneously therewith in all respects in conformity to Section 6346-7, General Code, is a lien such as Section 67d of the Bankruptcy Act (Title 11, Section 107(d), U. S. Code), provides shall not be affected by the Bankruptcy Act. The question as to the effect of wage assignments, at least within the terms of the Bankruptcy Act, has been considered by the Federal District Courts in several cases, and in every instance, based upon like reasoning, those courts have held that, such assignment of wages is not enforceable as to wages earned by the assignor after his discharge in bankruptcy. These cases in which this conclusion has been announced by federal courts are
 
 In re West,
 
 (D. C.), 128 F., 205;
 
 In re Lineberry,
 
 (D. C.), 183 F., 338;
 
 In re Gillespie,
 
 (D. C.), 209 F., 1003; and a recent case decided by the District Court of the Northern District of Ohio,
 
 In the Matter of Voorhees, Bankrupt,
 
 (D. C.), 32 O. L. R., 211, 41 F. (2d), 81.
 

 
 *211
 
 A concise statement of the reason upon which is based the conclusion uniformly reached by the federal courts which have had this question before them for consideration may be found in Black on Bankruptcy (4th Ed.), page 1493, Section 1185, with citation of cases, and is as follows: “In regard to an assignment of wages, it appears that a discharge in bankruptcy will not defeat the right of the assignee to recover the wages in so far as the same have been earned and assigned before the discharge, though it will release the bankrupt from personal liability. But an assignment, as security for a debt, of wages thereafter to be earned by the debtor, either under a general or specific employment, creates no lien until the wages have been earned, and wherej before that time, the debtor is adjudged a bankrupt and is subsequently discharged, the debt is extinguished from the date of the adjudication, and no lien arises as to wages earned thereafter, but the same become the property of the bankrupt free from the claim of all his creditors, including the assignee.”
 

 The view thus announced finds support in the ease of
 
 Hupp
 
 v.
 
 Union Pacific Rd. Co.,
 
 99 Neb., 654, 157 N. W., 343, L. R. A., 1916E, 247, and also in a decision of the Supreme Court of Montana in the case of
 
 Rate
 
 v.
 
 American Smelting & Refining Co.,
 
 56 Mont., 277, 184 P., 478. In the former it was held that the assignment created no lien upon the wages of the employee until such wages were really earned, and the debt having been discharged before the wages were earned, it followed that at the time of the commencement of such action the plaintiff had no right to recover against the defendant by reason of such assignment. In the latter case it was held
 
 *212
 
 that while an assignment of wages to be earned in the future under an existing employment is valid, yet a discharge in bankruptcy extinguished the lien or assignment to the creditor as to all wages earned by the bankrupt subsequent to the date of the adjudication in bankruptcy.
 

 A contrary view is presented in the holding of the Supreme Court of Massachusetts in the case of
 
 Citizens Loan Assn.
 
 v.
 
 Boston & Maine Rd. Co.,
 
 196 Mass., 528, 82 N. E., 696, 14 L. R. A. (N. S.), 1025, 124 Am. St. Rep., 584, 13 Ann. Cas., 365, and by the Supreme Court of Illinois in the case of
 
 Mallin
 
 v.
 
 Wenham,
 
 209 Ill., 252, 70 N. E., 564, 65 L. R. A., 602, 101 Am. St. Rep., 233, which cases hold that such lien is preserved by Section 67d of the Bankruptcy Act and not affected by the discharge in bankruptcy of the assignor.
 

 We are of the opinion that the better reasoning supports the position of the federal courts above cited. As pointed out in those cases, the discharge of the bankrupt, when granted, relates back to the date of the adjudication in bankruptcy, and property acquired by the bankrupt subsequent to the adjudication in bankruptcy is not appropriated to the payment of his debts. Wages earned subsequent to the adjudication in bankruptcy are like property acquired by the bankrupt subsequent to the adjudication in bankruptcy, and, under the plain purpose of • the Bankruptcy Act, cannot be subjected to the payment of debts contracted prior to the adjudication in bankruptcy.
 

 It follows that the mandatory order requiring the payment of wages earned since plaintiff’s adjudication in bankruptcy should have been issued. The
 
 *213
 
 judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., J ones, Day, Allen, Kinkade and Bobinson, JJ., concur.