## In re POTTS.
### No. 4285.

District Court, D. Idaho, E. D.
July 23, 1931.

F. M. Bistline, of Pocatello, Idaho, for Merchants' Protective Ass'n.

C. M. Jeffery, of Pocatello, Idaho, for bankrupt.

**CAVANAH, District Judge.**

The referee has certified to the court the sole question as to whether or not the assignment made by the bankrupt of his wages due and to become due from the Oregon Short Line Railroad Company to the Merchants' Protective Association, who holds certain claims as assignee for collection against the bankrupt, affects such wages after adjudication. It appears that on June 9, 1930, the bankrupt made an assignment of all wages due and to become due from the railroad company to the association which covered accounts held by the association for collection. On May 18, 1931, the bankrupt was adjudicated a bankrupt, and thereafter the association on May 20, 1931, served the assignment upon the railroad company, and all the wages due to May 18, 1931, were paid by the railroad company into the bankrupt court and do not appear to be in controversy. The claims held by the association appear in the schedule of claims filed and are provable ones. The railroad company declined to pay the wages earned by the bankrupt since the adjudication until directed by the court. It further appears that the bankrupt was at the time of the assignment, and now is, in the employ of the railroad company. The bankrupt now moves for an order of the court restraining the association from collecting the wages earned by him since the date of the adjudication and until the matter of his discharge has been determined.

His discharge has not yet been determined. The association urges that all of the wages earned after adjudication are subject to and can be reached by the assignment even though the claims covered by the assignment are discharged in bankruptcy.

It seems settled that wages earned subsequent to adjudication cannot be considered as a part of the bankrupt's estate. Progressive Building & Loan Co. v. Hall (C. C. A.) 220 F. 45. And should the bankrupt receive a discharge of all debts covered by the assignment, they would become exhausted and no lien attaches under the assignment to wages earned after the adjudication. The discharge, when granted, relates back to the date of the adjudication and the principle thus stated has support in a large majority of the cases which seem to be the correct rule when we come to consider the acknowledged rule that an adjudication and discharge of the bankrupt from all of his provable debts extinguishes the debts and they cannot thereafter be enforced against the bankrupt. Then if the debts are extinguished certainly an assignment or lien on them is also exhausted, as there can be no lien upon what does not exist. In re West (D. C.) 128 F. 205; In re Home Discount Co. (D. C.) 147 F. 538; In re Lineberry (D. C.) 183 F. 338; In re Gillespie (D. C.) 209 F. 1003; In re Voorhees (D. C.) 41 F.(2d) 81; In re Fellows (D. C.) 43 F.(2d) 122. Most of the state courts are in accord with this principle. Hupp v. Union Pacific R. R. Co., 99 Neb. 654, 157 N. W. 343, L. R. A. 1916E, 247; Rate v. American Smelting & Ref. Co., 56 Mont. 277, 184 P. 478.

So the conclusion reached is that as the debts covered by the assignment being provable ones against the bankrupt, and in the event the bankrupt is discharged therefrom, the wages of the bankrupt covered by the assignment subsequent to the time the bankrupt was adjudged a bankrupt are not subject to the assignment and not the property of the bankrupt's estate, and that the lien of the assignment as to all wages earned by the bankrupt after the date of adjudication is extinguished. That the Merchants' Protective Association, to whom the wages are assigned, is restrained from attempting to enforce said assignment or collecting any amount thereunder.