## In re BLOSSER.

### No. 18936.

District Court, W. D. New York.

Oct. 3, 1932.

Nelson T. Barrett, of Buffalo, N. Y., for petitioner.

Charles C. Page, of Buffalo, N. Y., for Triad Properties, Inc.

KNIGHT, District Judge.

Petitioner was adjudicated a bankrupt on August 10, 1932. Prior thereto he had executed several assignments of his wages, on which the employer now holds the sum of $105 earned prior to adjudication and also all of the wages earned subsequent thereto, except $40 which was paid to bankrupt by stipulation of the creditors. Bankrupt petitions the court for an order canceling and setting aside and declaring null and void said assignments, and permitting Remington Rand, Inc., or other employer, to pay to petitioner all wages now due or hereafter to become due and owing to him notwithstanding such assignments. One creditor to whom an assignment was made opposes the motion on the ground that a lien was created by the assignment, which lien is not destroyed by a discharge in bankruptcy.

This precise question was adjudicated in Seaboard Small Loan Corp. v. Ottinger (C. C. A.) 50 F.(2d) 856, 77 A. L. R. 956. The Circuit Court of Appeals for the Fourth Circuit there held that an assignment by bankrupt of future wages created no lien on wages earned after adjudication, and that such assignment was no more than a contract until the wages were earned, and the obligation thereof, like other personal obligations, was discharged by bankruptcy. That opinion and many others disapprove of Mallin v. Wenham, 209 Ill. 252, 70 N. E. 564, 65 L. R. A. 602, 101 Am. St. Rep. 233, and Citizens' Loan Ass'n v. Boston & Maine R. R., 196 Mass. 528, 82 N. E. 696, 14 L. R. A. (N. S.) 1025, 124 Am. St. Rep. 584, 13 Ann. Cas. 365, upon which the creditor relies. Recent cases in accord with the Seaboard Case are In re Voorhees (D. C.) 41 F.(2d) 81; In re Fellows (D. C.) 43 F.(2d) 122, and In re Potts (D. C.) 54 F.(2d) 144. See, also, In re West (D. C.) 128 F. 205; In re Home Discount Co. (D. C.) 147 F. 538; Progressive Building & Loan Ass'n v. Hall (C. C. A.) 220 F. 45.

This court cannot declare these assignments null and void as demanded by the bankrupt, but the granting of a discharge will render them unenforceable. On the facts shown, the bankrupt would be entitled, however, to an order restraining the creditors from proceeding against his wages until the expiration of twelve months from the date of adjudication, unless the bankrupt shall sooner apply for a discharge, and in such case until a question of such discharge shall be determined. The bankrupt is not entitled to payment of such wages as would be subject to the assignments but for the bankruptcy proceedings. The assignments are not before this court, so it cannot be determined whether or not they cover the entire wages of the bankrupt. If they do not, then bankrupt is entitled to immediate payment of any wages due and owing in excess of the amount deductible by reason of the assignments. If there is no such excess, he must await the granting of a discharge before becoming entitled to the funds, since failure to obtain a discharge would mean that the debts would not be extinguished and the assignments would remain in effect.