SUTLIFF, C.J., and GHOLSON, BRINKERHOFF and SCOTT, JJ., concurred.

---

## WILLIAM STANBERY *v.* GEORGE B. SMYTHE.

A., a private banker, assigned the note of B., payable to himself, to C., before due, and for a valuable consideration; but with notice that B. then held an assignment of a deposit account by D., for cash deposited by D. with A., which assignment had not been shown to nor accepted by A. C. sued B. upon said note in an action of debt before the code.

Held, That the deposit account so assigned to B., could not be set off in said action on the note, and a *fortiori* that such setoff could not be enforced, if the assignment was of only a *part* of the deposit account of D. with A.; also that a sotoff of part only of an entire demand could not be allowed, if the suit had been prosecuted for the benefit of A.

ERROR to district court of Licking county.

Smythe, the defendant in error, obtained a judgment in said district court, against Stanbery, the plaintiff in error, in an action of debt, commenced before the code, upon a note under seal, given by Stanbery to A. J. Smith, formerly a private banker, in Newark, Ohio, payable to his order, and by him assigned for value and before maturity, to Smythe.

The declaration is in the usual form, and Stanbery pleaded the general issue and attached thereto a notice, under the statute then in force, among other things, of an assignment by one Wright, to him, of an amount due said Wright, on his deposit account with said Smith, sufficient at least to satisfy said note, with averments that said Smith was insolvent, and had absconded before said note was assigned by him to Smythe, and denying the real ownership of Smythe and the *bona fides* of the transfer of said note to him, and averring that Smythe had notice of the assignment of said deposit account, when

he received a transfer of said note, and claiming to set off said deposit account against said note.

The cause was tried before a jury, and a verdict rendered in favor of Smythe, the plaintiff below.

Stanbery then moved for a new trial for alleged misdirection of the court to the jury, which motion was overruled, a bill of exceptions allowed, and judgment thereupon rendered in favor of the plaintiff below, to reverse which the preset petition in error is prosecuted.

It appears from the bill of exceptions that evidence was given upon the trial, tending to show, among other things, that A. J. Smith was insolvent, and had closed his office and absconded, at the time the note was assigned by him to Smythe, and also at the time the deposit account was transferred by Wright to Stanbery. Also evidence tending to prove and to disprove the real ownership of the note by Smythe and his knowledge of the transfer of the deposit account when the note was assigned to him.

The account, as assigned by Wright to Stanbery, reads as follows:

November 29, 1851.

" Alpheus J. Smith,

To George B. Wright, Dr.

To balance due me on account of deposits of cash
    made with you up to this date.....................    $1170.92
To interest on deposit account from date of de-
    posits, respectively...............................

" For value received, I do hereby transfer and set over to Wm. Stanbery, the above account due me from Alpheus J Smith, and do authorize said Stanbery, to sue for and collect the same, and when paid, to receipt for and apply the same to his own use. Witness my hand and seal this 4th day of December A. D., 1851.       GEO. B. WRIGHT (seal).

Witness, John Swearn."

There was evidence tending to show that the transfer by Wright to Stanbery, was only of a *part* of the amount due him upon his deposit account, and that such transfer was not

absolute, but merely colorable and for the use and benefit of said Wright, and also evidence tending to show that the transfer was absolute, for a valuable consideration and of the entire account.

The court thereupon, among other things, charged the jury, as follows:

1st. " That if the plaintiff became the indorsee of this note before it was due, *bona fide* and for a valuable consideration, in the due course of business, although he might have known at the time of the outstanding assignment in the hands of the defendant, yet he may recover, and said setoff is of no avail in this suit."

2d. " But if plaintiff became indorsee of the note overdue, or now holds it and prosecutes this suit for the benefit of A. J. Smith, then, and in either case, the defendant can avail himself of the setoff in this suit."

3d. " If the jury find that the assignment of Wright to defendant, was only part of an entire account, then such assignment can not avail defendant in this suit under any aspect of the case."

To the first and third instructions thus given, the plaintiff in error excepted at the time, and now assigns the same for error.

*Curtis & Scribner*, for plaintiff in error, argued:

1. That Stanbery, the maker of the note, who is also the assignee of *part* of an account against Smith, the payee, should be allowed to set off against the note the portion of the account so held by him, in the suit prosecuted at law by or for the benefit of such payee, and cited 2 Lead. Cas. in Eq., part 2d, p. 235, and cases there cited; 2 Story's Eq. sec. 1044; *Field* v. *New York*, 2 Seld. 179; *Beesley* v. *Crawford*, 19 Ohio Rep. 126; *Rider* v. *Johnson*, 20 Penn. St. Rep. (8 Harris) 190; *Smith et al.* v. *Myler et al.*, 22 Penn. St. Rep. (10 Harris) 36; *Justin* v. *Cameron*, 5 Wharton, 380; *Ulrich* v. *Berger*, 4 W. & S. 19; *Murray* v. *Williamson*, 3 Binn. 135; *Johnson* v. *Collins*, 1 Blackf. 166; *Kost* v. *Kathem*, 3 Denio,

33

344; 1 Chit. Pl. (10 Am. ed.) 571; *Hennell* v. *Fairlamb*, 3 Esp. Rep. 104.

2. That under the rules of law as understood and applied in this state, Smythe, the indorsee of the note, and who received it before maturity, but with notice·that the payee is insolvent, and that Stanbery, the maker, held a setoff against it, did not take the note discharged from the equity of the maker to insist upon his defense of setoff, and cited *Sargent* v. *Southgate*, 5 Pick. 312; *Nixon* v. *English*, 3 McCord, 549; *Perry* v. *Mays*, 2 Bailey, 654; *Cain* v. *Spann*, 1 McMullan, 258; *Burnham* v. *Tucker*, 18 Maine, 179; *Ward* v. *Warren*, 19 Maine, 23; *Bartlett* v. *Pearson*, 29 Maine, 9, 15; Edwards on Bills and Prom. Notes, 260; Swan's Treatise, 563.

*Henry Stanbery*, also for plaintiff in error, argued:

The district court erred in ruling that the plaintiff in error could not avail himself of the assignment, *in any aspect of the case.*

One aspect of the case, upon the testimony, was that ·Smythe merely stood as a *naked trustee* for Smith. In this aspect of the case, the plaintiff in error was entitled to any setoff which would be good against Smith himself, were he the plaintiff. What, then, is to prevent the allowance, by way of setoff, of so much of Wright's account with Smith as was assigned to the plaintiff in error?

I admit, as a general rule, that *at law* (before our code) the assignee of part of an entire chose in action, could not maintain a suit in his own name—subject to some exceptions, as when the thing is, in its nature, and according to usage, subject to division into parts. An account with a banker comes within the exception.

The reason of the rule is that it would subject the other party to several causes of action upon a liability in its nature single. And, further, that a *part* of a chose in action, even if the chose itself be a negotiable thing, is not assignable *at law* so as to vest a cause of action in the assignee. Since our code, such an assignee may sue (as formerly in equity),

making all persons interested, parties. See Swan's Pr. and Pl. under code, 66.

Smythe brought his action under the old system. But I do not see that this makes any difference, for the *true* question is, not as to the right of the defendant below *to sue*, but *to setoff*. The matter of setoff is left by the code as it stood before, for there was no necessity for a more liberal rule, as *at law*. The subject of setoff stood on equitable ground. See *Beesley* v. *Crawford*, 19 Ohio Rep. 126. The error of the district court was in the application of a rule as to suits *by an assignee* to the case of *an assignee made defendant* by the party owing the entire debt, and who is, therefore, entitled to all the relief he could have *in equity*.

*George B. Smythe*, defendant in error:

1. I believe it to be well settled that the assignment of a part only of an entire account passes no legal or equitable title to the assignee—certainly no legal title. A party is not entitled to split up an entire cause of action without his debtor's consent. He could not do so, and sue on the parts in his own behalf, and he can confer no greater power on his assignee. At any rate, if any right can be thus acquired, it can only be asserted in a court of equity; and in no case can be made the subject of setoff in a court of law, as in this case, which is strictly under the common law practice. *Mandeville* v. *Welch*, 5 Wheat. 279; *Gibson* v. *Clark*, 20 Pick. 215; *Robbins* v. *Bacon*, 3 Greenl. 346; *Tieman* v. *Jackson*, 5 Peters, 580; *Spragg* v. *Binks*, 5 Ves., jr., 589; 2 Lead. Cas. in Equity, part 2, 235, and cases there cited. See also ib. 242.

2. But whatever may be the effect of this assignment from Wright to Stanbery, to invest him with an interest in the indebtedness of Smith to Wright, I contend that in no event could that interest be a proper subject of setoff in this case at law. The title of an indorsee of a negotiable security before maturity, is a complete legal title: if *bona fide*, it can not be affected by any subsequent or prior transactions between the indorsee and the maker, not connected necessarily

with the instrument itself. Swan's St. of 1854, page 575; Smith's Comm. sec. 581; *Green* v. *Darling*, 5 Mason, 201; 2 Story's Eq. Jurisp. sec. 1436; *Wells* v. *Stewart*, 3 Barb. 40; *McDonald* v. *Black's Adm'r*, 20 Ohio Rep. 185; *Granger* v. *Granger's Adm'r*, 6 Ohio Rep. 42; 1 Am. Lead. Cas. 337; *Wheeler* v. *Raymond*, 5 Cowen, 231; *Johnson* v. *Bridge*, 6 Cowen, 693.

By THE COURT.—The charge first given presupposes that the note was assigned to Smythe, for a valuable consideration, and in due course of business, before it became due, but after the transfer of the deposit account and notice thereof to him. We think the court did not err in its charge to the jury, that under such circumstances, the defendant could not avail himself of the account as a setoff in that suit, for various reasons. It was a suit at *law*, and the account, though ordered to be paid to Stanbery, was not a *debt* due from Smith to him. Until acceptance by Smith, there was no *legal* liability on his part to pay that account to Stanbery, or to any one but the depositor himself. As between Smith and Stanbery there were not, at the time the note was assigned to Smythe, *mutual debts*, to be set off or compensated under the statute. The paper is not, in form a banker's check for the payment of a sum certain, but a transfer of sundry deposits, with the interest accuring thereon, requiring an accounting to ascertain the amount really due, and authorizing suit in the name of the assignor for its collection.

Again, the right of setoff, if it existed, must have been *mutual*. Smith, his note not being due, could not have claimed such setoff under the statute and Stanbery's assignor, or Stanbery himself, could have prevented a subsequent setoff at law, by suing the account before the note became due. Stanbery may have intended to make the setoff; but Smith could not have compelled it. *Wells* v. *Stewart*, 3 Barb. 40.

*Secondly*. As to the effect of an assignment of a part of a deposit account: There was testimony tending to prove, that Smith was the real owner of the note in suit, and the one for

whose benefit it was prosecuted; such ownership, therefore, was one of the " *aspects*" presented by the testimony, and covered by the third instruction.   The question is fairly raised by said instruction, whether, *in a suit at law*, upon the note by Smith, the payee, the defendant could, by way of setoff, set up an assignment of *part only* of an entire demand, due from Smith to a third person, leaving the residue of such demand to be subsequently litigated with others.   We are of the opinion that this could not be done, first, for the reason already adverted to, arising out of the character of the assignment itself, and the want of mutuality; and, secondly, because it, in effect, permits a single cause of action to be split up and subdivided to an indefinite extent, which sound policy and the rights of the depositary alike forbid.   If any remedy then existed, it was to be sought in equity, making the holders of the residue of the deposit account parties, and determining all their rights in one and the same controversy. This, owing to the insolvency of Smith, might perhaps have been done, under proper averments, when the suit below was instituted, or may now be done under the code, which permits defendants to ask equitable relief in suits to enforce legal liabilities, by a cross-petition.   But such blending of legal and equitable rights was not warranted by our former practice, nor is it sustained, to the extent this case requires, by the case of *Beesley* v. *Crawford*, 19 Ohio Rep. 126, to which we have been referred, in which a defendant was permitted to set off a *legal* demand against the *cestui que trust* of the claim sued on, and the *real* plaintiff in the action.

The cases cited from Massachusetts and Pennsylvania, are of but little authority upon this question, because, owning to the peculiar jurisprudence of these states, their courts have always blended legal and equitable rights and remedies in one and the same action, while the decisions in New York fully sustain the views expressed by us.

Judgment affirmed.