### In re H. O. ROBERTS CO.

(District Court, D. Minnesota, Fourth Division. February 3, 1912.)

BANKRUPTCY (§ 348*)—PREFERRED CLAIM—BOOKKEEPER ACTING AS OFFICER.

Claimant was a bookkeeper for a bankrupt corporation at a salary of $75 a month. The treasurer of the corporation having resigned, she was elected a director and treasurer, and held such office during the three

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

months prior to the bankruptcy, continuing to act as bookkeeper. She received no compensation as director or treasurer, and her only duty as treasurer was to sign checks when directed to do so by the president. *Held*, that she was entitled to priority as a preferred claimant.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 348.*]

In Bankruptcy. In the matter of the H. O. Roberts Company, bankrupt. On review of order of referee refusing to allow claim of Nellie M. Shimer as preferred. Reversed.

Charles Fowler, for claimant.
E. H. Crooker, for trustee.

WILLARD, District Judge. This case comes up upon a review of an order of the referee allowing the claim of Nellie M. Shimer as a general claim, and refusing to allow it as a preferred claim.

It appears that the claimant was a bookkeeper for the bankrupt corporation and received a salary of $75 a month; that while she was such bookkeeper, the treasurer of the bankrupt corporation having resigned, she was elected a director and treasurer, and remained such director and treasurer during the three months prior to the bankruptcy. During that time she continued as bookkeeper for the company. Her only duty as treasurer was to sign checks on the bankrupt's account when directed to do so by the president of the corporation. She received no compensation whatever for any services as director or treasurer.

A case practically identical with this was before this court in 1910. It appeared in that case that one Millspaugh was the treasurer and a director of the bankrupt corporation S. E. Frost Company; that he received no salary as such treasurer or director; that he served the corporation as a traveling salesman and devoted substantially his entire time to such service. The referee refused to allow the claim as a preferred claim. This order of the referee was reversed by an order made by this court on May 16, 1910, and the claim was allowed as a preferred claim.

The decision in that case must govern the decision in this case. The fact that a claimant is a director or officer of a corporation does not disable the corporation from employing him as a clerk also. If the labor performed by him is so performed under his employment as clerk, and is not performed as a part of his duties as an officer, then he is entitled to priority for his wages as a clerk. These facts appear in this case. The claimant, Shimer, received no pay for what she did as treasurer or director. Before she became treasurer, she was a bookkeeper. She continued to be a bookkeeper after she became treasurer, and her duties and compensation as bookkeeper had nothing at all to do with her duties and compensation as treasurer. In fact, she received nothing for what labor she performed as treasurer.

The order of the referee is reversed, and he is directed to allow the claim as a claim having priority.