## BROOKHEIM v. GREENBAUM.

(Circuit Court of Appeals, Second Circuit. June 8, 1915.)

### No. 245.

APPEAL AND ERROR ☞1010—FINDINGS—CONCLUSIVENESS.

    A finding justified by the testimony of the witnesses appearing before the trial court will not be disturbed on appeal, though the court on appeal might have reached a different conclusion on the evidence.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982, 4024; Dec. Dig. ☞1010.]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from a decree of the District Court for the Southern District of New York which dismissed the complaint filed by the trustee in bankruptcy of Justus H. Garthe against Leo Greenbaum to set aside an alleged fraudulent preference of $1,200, being a payment made by the bankrupt on or about February 4, 1911. The bankrupt filed a petition in bankruptcy February 16, 1911.

For opinion below, see 225 Fed. 635.

Lesser Bros., of New York City (William Lesser and James B. Stephens, both of New York City, of counsel), for appellant.

Wesselman & Kraus, of New York City (Bertram L. Kraus, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The facts are all stated by Judge Learned Hand in his opinion and need not be repeated here. The situation is somewhat sui generis in the fact that the bankrupt, Garthe, who was a butcher and dealer in sausages, did a large business during the time in question and was most of the time in financial difficulties owing to the slipshod manner in which he transacted his business. He kept no complete books, was always borrowing and requesting Greenbaum to indorse his checks, so that he could get them cashed. He was continually complaining of poor collections but managed to keep his head above water until his final bankruptcy. He had had many dealings with the defendant Greenbaum who was his friend and at the time in question he owed Greenbaum $1,200 on a note dated May 6, 1909, for money borrowed some time previous. This note had been allowed to run for about 20 months. If this were a case in which the parties had conducted their business according to ordinary methods, we should find in all probability that a case of preference was made out, but it is not such a case. These parties had been dealing with each other for many years and always in about the same slovenly way. The bankrupt paid his creditors when he had the money and procured extensions when he had not. There was nothing unusual or suspicious in the payment of the $1,200 in question; such payments had frequently been made before.

All this is pointed out in the opinion below and need not be repeated. The judge had the witnesses before him and is much better able to judge of their credibility than a court which sees only their statements

on paper. We should not reverse his finding upon a pure question of fact, where the evidence justifies the finding, even if we might have reached a different conclusion upon the evidence. In Coder v. Arts, 152 Fed. 943, at page 946, 82 C. C. A. 91, 15 L. R. A. (N. S.) 372, the court says:

"When the court has considered conflicting evidence and made a finding or decree it is presumptively correct and unless some obvious error of law has intervened or some serious mistake of fact has been made, the finding or decree must be permitted to stand."

The decree is affirmed.