BAXTER v. ORD.

(Circuit Court of Appeals, Sixth Circuit. February 6, 1917.)

No. 2875.

1. BANKRUPTCY ⬤⟳303(1)—PREFERENCES—BURDEN OF PROOF.

Under Bankr. Act July 1, 1898, c. 541, 30 Stat. 562, § 60, prior to amendment by Act June 25, 1910, c. 412, § 11, 36 Stat. 842 (Comp. St. 1913, § 9644), the burden of proof is on a trustee in bankruptcy, seeking to avoid an alleged preferential payment, to show that the creditor receiving such payment had reasonable cause to believe that the debtor intended to give him a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458, 459.]

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ⬤⇒303(3)—PREFERENCES—ACTIONS.

In a suit by trustee in bankruptcy to set aside an alleged preferential payment, evidence *held* insufficient to show that the creditor had reasonable cause to believe that he was receiving a preference, or was charged with knowledge of facts sufficient to put him upon inquiry which might have resulted in the discovery of that fact.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 462.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John H. Clarke, Judge.

Bill by Ida N. Baxter, trustee in bankruptcy of the Auto Body & Top Company, against John Ord, doing business as the Brooklyn Sawmill Company. From a decree dismissing the bill, complainant appeals. Affirmed.

The following is the opinion of Clarke, District Judge:

By the bill filed in this case, Ida N. Baxter, as trustee in bankruptcy of the Auto Body & Top Company, seeks to set aside what she claims was a preference in payment made by the defendant on the 24th day of January, 1912, and on the 30th day of January, 1912—the two payments amounting to $575.17. The defendant admits the two payments, but claims that the Auto Body & Top Company was justly indebted to him for an amount greater than that paid, and denies that the payment was made in such manner and under such conditions as to constitute a preference under the Bankruptcy Act.

[1] In Kimmerle v. Farr, 189 Fed. 295, 111 C. C. A. 27, the Circuit Court of Appeals of this circuit has decided that under the Bankruptcy Act prior to the amendment of 1910 (and for the purposes of this opinion the law is not affected by that amendment) the burden of proof is on a trustee in bankruptcy seeking to avoid what he claims is a preferential payment, and that before such payment can be set aside as preferential the creditor receiving the transfer must have had reasonable cause to believe that the debtor intended by the payment to give him a preference.

[2] The evidence in this case shows that Ord had done business with Patterson, the president and manager of the defendant company, for many years in the way of furnishing him lumber in a small way for his business, and that from March 1st until December 19th of the year preceding the failure of the bankrupt company he sold to it lumber to the value of $1,328.72. The defendant testifies that, before he began furnishing this lumber, Patterson, speaking for the bankrupt, said that he had a contract to make 10 or 12 automobile bodies and would need an unusual amount of lumber. Ord was a man of limited resources, and said that he could not furnish the amount required unless Patterson, for the bankrupt, would agree to pay for the lumber as soon as he received payment from the purchasers of the automobile bodies, which would be manufactured from it, and this he agreed to do.

Under this arrangement, which is not contradicted, Ord continued to furnish lumber until December 19th; but the bankrupt was not paying as promptly as Patterson had promised, and Ord says that he personally became "hard up" and frequently demanded payment, and that finally, late in January, the payments were made which are sought in this proceeding to be set aside as preferential. This court has no doubt at all that Ord did not have actual knowledge that the Automobile Company was embarrassed at the time this payment was made, and the only question is whether he had such knowledge of its financial condition as should have put him, as a reasonable man, upon inquiry which might have resulted in discovering it to be insolvent.

A voluntary petition in bankruptcy was filed against the company on the 26th day of February, 1912, or nearly a month after this payment was made. There is no testimony in this record which could charge Ord with knowledge or notice that the company was in a failing condition, except that it was slow

in paying him and that Patterson was not keeping his promise to pay for the lumber as the automobile bodies were sold. He said, however, that Patterson had been slow pay in the past, but that he always finally paid him. That Ord did not suspect that the company was insolvent up to December 19th is clear enough, for on that date he made his last delivery of lumber, and there is no evidence that anything was brought to his attention between that time and the little over a month later, when the payment was made, which should have put him upon inquiry into the affairs of the company, unless failure to. pay as promised for that time is sufficient for that purpose.

Since the burden of proof is upon the trustee to make out her case, I cannot bring myself to find that the circumstances I have detailed are sufficient to give to Ord that reasonable cause to believe that the bankrupt was insolvent at the time the payments in controversy were made, and that a preference was intended to be given him by the making of them, and therefore, under authority of the decision cited, the bill will be dismissed, and the defendant will recover his costs.

Lawrence C. Spieth, of Cleveland, Ohio, for appellant.

F. W. Langin, of Cleveland, Ohio, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. The trustee in bankruptcy filed a bill in equity for the recovery of certain alleged preferential payments made by the bankrupt to the defendant on the eve of bankruptcy. The case was heard on pleadings and proofs taken in open court, and the bill dismissed. Judge (now Mr. Justice) Clarke, who heard the case, was of opinion that defendant had no knowledge, at the time the payments were made, that the debtor was embarrassed, and that the trustee had not sustained the burden of showing that defendant had, at the time, reasonable cause to believe that the debtor was insolvent. Whether defendant had reasonable cause to believe that the transfer would effect a preference is the only question presented by the appeal. We have examined the evidence and find no reason to question the correctness of the decree, which is accordingly affirmed, with costs.