16 OS. 334. Butler v. Peck.
Cited: Nagy v. City of Akron. OA. 6 Abs. 35.

19 OS. 363. Methard v. State.
Followed: Seymour et v. State. OA. 6 Abs. 51.

22 OS. 247. Tootle v. Clifton.
Supporting: Nagy v. City of Akron. OA. 6 Abs. 35.

31 OS. 100.
Followed: Koeborle v. Green. OA. 6 Abs. 56.

31 OS. 398, 343. Railroad v. Commissioners.
Cited: New Boston (Vil.) v. Monk. OA. 6 Abs. 55.

45 OS. 506. Lemon v. Beeman.
Followed: Leanza et v. Barnes Motor Co. OA. 5 Abs. 809.

51 OS. 561. Thatcher v. Watson et.
Followed: Hardin v. Am. Guar. Co. OA. 6 Abs. 3.

52 OS. 215. Norris v. Davis.
Distinguished: Simmer et v. Supreme Council, etc. OA. 5 Abs. 808.

68 OS. 280. Reed v. Loan Co.
Followed: Falls Sav. & Loan Assn. v. Brumit et. OA. 6 Abs. 39.

80 OS. 52. DeBrul v. State.
Supporting: Rembrandt v. Cleveland. OA. 5 Abs. 803.

80 OS. 151. Mason v. Commissioners.
Cited: Nagy v. City of Akron. OA. 6 Abs. 35.

80 OS. 458. Canning Co. v. Zappio.
Supporting: Hardin v. Am. Guar. Co. OA. 6 Abs. 3.

81 OS. 482. Home Building & Realty Co. v. Clasbert et.
Supporting: Hardin v. Am. Guar. Co. OA. 6 Abs. 3.

82 OS. Pfanz v. Humburg.
Supporting: Hrovat v. Krall. OA. 6 Abs. 40.

85 OS. 13. Horton v. State.
Supporting: Rembrandt v. Cleveland. OA. 5 Abs. 803.

91 OS. 211. Walsh v. Thomas Sons.
Cited: Lamports Co. v. Konigsburg. OA. 5 Abs. 810.

91 OS. 415. Arbuckle v. Am. Belting Co.
Cited: Hardin v. Am. Guar. Co. OA. 6 Abs. 3.

103 OS. 318. Hart v. Andrews.
Cited: Buck v. Smith. OA. 6 Abs. 5.

105 OS. 508. McCafferty v. State.
Followed: Joyce v. State. OA. 6 Abs. 58.

106 OS. 481.
Followed: Koeborle v. Green, OA. 6 Abs. 56.

107 OS. 33. Achaner, Admr. v. Traction Co.
Cited: Reed v. Boone et. OA. 6 Abs. 21.

107 OS. 113. Carey, Admr. v. Conn.
Distinguished: Hrovat v. Krall. OA. 6 Abs. 40.

107 OS. 583. Securities Co. v. Orlow.
Distinguished: Continental Fin. Co. v. Gold Seal Tire Co. OA. 6 Abs. 26.

116 OS. 45.
Followed: State ex Davis v. Indust. Com. OS. 6 Abs. 43.

## OHIO APPEALS

6 Oh. Ap. 140.
Supporting: Stout v. Tobias. OA. 5 Abs. 810.

9 Oh. Ap. 468. Canning Co. v. Weller.
Supporting: Hardin v. Am. Guar. Co. OA. 6 Abs. 3.

10 Oh. Ap. 195, 201. N. Y. C. & St. L. Ry. Co. v. Aigler, Admr.
Cited: Zeis v. Kaechele. OA. 6 Abs. 54.

13 Oh. Ap. 334. Stothfang v. Cinci. Aluminum Cast. Co.

Followed: Cain et v. Matthews Selected Dairies Co. OA. 6 Abs. 8.

27 O. C. A. 326. Henry v. Cleveland.
Followed: Rembrandt v. Cleveland. OA. 5 Abs. 803.

32 O. C. A. 75. Rowland v. State.
Followed: Dodge v. Keller. OA. 6 Abs. 6.

## OHIO LAW ABSTRACT

4 Abs. 299. Conkle v. Bellevue.
Reversed: Conkle v. Bellevue. OS. 6 Abs. 42.

5 Abs. 185. Tumey v. State.
Distinguished: Dugan v. State. OS. 6 Abs. 42.

## OHIO CIRCUITS

27 C. D. (27 CC.) 133. Mack v. Eckerlin.
Distinguished: Stout v. Tobias. OA. 5 Abs. 810.

## OHIO COMMON PLEAS

19 O. N. P. (N. S.) 305. Heald v. Cleveland.
Followed: Sapienza v. Fertel. OA. 5 Abs. 809.

## OTHER REPORTS AND TEXT BOOKS

23 Am. Law Rep. 133. Braunstein v. McCory Stores Corp.
Cited: Jas. H. Herron Co. v. Jones. OA. 6 Abs. 37.

35 C. J. 1036.
Supporting Stout v. Tobias. OA. 5 Abs. 810.

167 Fed. Rep. 342. Bliss v. Anaconda Copper Min. Co.
Supporting: Cain et v. Matthews Select. Dairies Co. OA. 6 Abs. 8.

10 R. C. L. 1080.
Cited: Frank Co. v. Streich. OA. 5 Abs. 811.

16 R. C. L. 894.
Followed: Stout v. Tobias. OA. 5 Abs. 810.

23 R. C. L. 1390.
Cited: Frank Co. v. Streich. OA. 5 Abs. 811.

27 R. C. L. pg. 1151, Sec. 79 et seq.
Cited: Nagy v. City of Akron. OA. 6 Abs. 35.

---

## AMERICAN LAUNDRY MACH. CO. v. DANEMAN et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3059. Decided July 5, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

106. ASSIGNMENTS—1. Sect. 6346-12 GC. limits assignment of wages to 50% of wages earned and to be earned.

2. Assignment of full amount allowed held binding upon employer although not accepted by him.

Error to Common Pleas.
Judgment affirmed.

Joseph S. Rohrer, Cincinnati, for Laundry Mach. Co.

H. H. Sundermann, Cincinnati, for Daneman et.

### FULL TEXT.

HAMILTON, PJ.

One Edward Murphy was an employee of The American Laundry Machinery Company, plaintiff in error here. While so employed, he made an assignment of fifty per cent of his wages due from The American Laundry Machinery Company and wages which may hereinafter for the period of thirty-six weeks become due, to the Spencer Jewelry Company. The assignment of fifty per cent of the wages

due or to become due was for the period of thirty-six weeks or, in the alternative until the indebtedness to the Spencer Jewelry Company in the sum of $137.87, was paid in full. This assignment was executed July 19, 1924. Murphy made three small payments to the Spencer Jewelry Company, and then ceased to pay. Thereupon, on December 1, 1924, the Spencer Jewelry Company filed with The American Laundry Machinery Company the assignment of the wages, executed by Murphy to it, together with an attached statement of the amount due; that the Machinery Company refused to honor the assignment. Whereupon, the Jewelry Company brought suit in the Municipal Court against The American Laundry Machinery Company to recover the wages assigned by Murphy to it.

The trial in the Municipal Court resulted in a judgment in favor of the Jewelry Company and against The American Laundry Machinery Company. The American Laundry Machinery Company prosecuted error to the Court of Common Pleas, which court affirmed the judgment of the Municipal Court. Error is prosecuted here, seeking a reversal of those judgments.

The defense was that the assignment was merely as a security, to secure the payment of monthly installments of indebtedness to the Jewelry Company, and the further defense that the moneys earned, covered by the purported assignment, had all been paid to the assignor.

Stripped of all technicalities and verbiage, the question here amounts to this: Can an action at law be maintained against an employer for an assignment of fifty per cent of the wages of an employee, which assignment is not accepted by the employer?

Much has been said in the brief of the plaintiff in error and the brief of the amicus curiae of the cases decided under the common law bearing on the question of wage assignments. It is conceded to be and is the law that under the common law rule, an assignment of the whole of an employee's wages is valid without the acceptance of the employer.

It is further the law that under the common law rule an assignment of a part of an employee's wages is valid only on acceptance by the employer.

The assignment in question was of fifty per cent of the wages, and it is argued that this being an assignment of but a part of the wages, that, under the rule of law, acceptance on the part of the employer was necessary to make it binding on the employer.

The question was settled and would probably not be here except for the passage of Section 6346-12 General Code of Ohio. The legislature saw fit, under the police power, to limit the assignment of wages to fifty per cent of the wages earned and to be earned. The reasons are apparent and were for the protection of the employee's family. The reasons for the holding of the Courts that only in case the whole of the wages were assigned could an action be maintained, without acceptance by the employer, was to avoid splitting up causes of action and the annoyance of multiplicity of suits. The statute provides that an assignment of more than fifty per cent of the personal earnings of the assignor shall be void. So that we have no difficulty with the rule in any sum in excess of fifty per cent of the earnings. The assignment in

question was of the full fifty per cent, and within the law, no more, no less.

The protection of the employer against multiplicity of suits, which, as above stated, was the only reason for the holding of the courts under the common law, is taken care of. The reason for the rule is just as cogent as the rule itself.

On the question suggested in the brief that the assignment was a mere lien, cognizable in equity only, it is sufficient to say that the instrument has none of the ear marks of any such lien. It is an assignment, or it is nothing.

Our conclusion is that the assignment is a valid assignment, and that the judgment of the Municipal Court, and of the Court of Common Pleas, affirming that judgment, were correct.

(Cushing, J., concurs.)