THE FEDERATION SAVINGS & LOAN CO. *v.* SCHMITT ET AL.

(Decided September 26, 1927.)

*Messrs. Locher, Green & Woods,* for plaintiff in error.

*Mr. John J. Mahon,* for defendants in error.

VICKERY, J. This cause comes into this court on a petition in error to the municipal court of the city of Cleveland.

·In the court below Victor J. Schmitt, defendant in error here, brought an action against the Federation Savings & Loan Company to recover upon a certain order that had been given to him, apparently for lumber that he had furnished in the construction of a dwelling house being erected for George W. and Mabel E. Pattison. In the court below a verdict was obtained· for the amount of the order, $818.30, a motion for a new trial was made and overruled, and a judgment was entered upon this verdict. It is to reverse that judgment that error is prosecuted here.

We learn from this record that the Federation Savings & Loan Company is a savings and loan company organized under the laws of Ohio, and is engaged in loaning money for the purpose of constructing houses, and other buildings, in accordance with its bylaws and regulations; that, prior to the evidence narrated in the bill of exceptions, the Pattisons, desiring to build a house upon a lot of land they owned, made an application to the loan company for a construction loan; that after a proper investigation and ·inspection, and upon finding that the property had not been incumbered, and that there could be no liens ahead of its mortgage, it made the loan, and a mortgage for $3,500 was executed and delivered by the Pattisons; that as soon

as the papers were completed the Pattisons were given a credit upon the books of the association to the amount of $3,500, this being, in so far as the association was concerned, a mere book entry, the money not having been taken from the vaults of the company by the Pattisons and then redeposited.

It is fair to assume that the purpose of making this credit on the books of the loan company to the Pattisons was in accord with the usual custom in making construction loans by such companies. The loan company was to have interest upon the entire sum from the time of the credit to the Pattisons, even though it should be paid out in payments long after that period of time.

One might say in passing, that, under and by virtue of the rules of the building and loan company, particularly of this company, the money thus deposited to the account of the Pattisons was to be paid in accordance with the terms of the contract of the building and loan company; that is, a certain amount of the work should be done before any money could be drawn, and if upon inspection by the building and loan company it found that so much work had been done, a certain amount of money would be paid upon the orders of the Pattisons out of this fund, and, until such an amount of work was done, nothing would be due from the loan company to anybody who held orders.

It appears in this record that some time during the progress of this work, the 1st of March, 1926, Schmitt, who furnished the lumber and material for the construction of this house, procured an order from the Pattisons, the order in question specifying $818.30. Schmitt presented this at the office of the

building and loan company, whereupon the company said that there had not been sufficient work done on the property to warrant the payment of this order, and it therefore declined to pay it, but said that the order might be brought back later. On the 10th of the same month the order was again brought to the office of the loan company by the sister of Mr. Schmitt, and those in charge of the loan company said to Mr. Schmitt by telephone at that time that they would have an inspection made, and if the inspection showed that there had been enough work done to warrant the payment of this order, they would send him a check for it. Apparently she left the order there.

The record shows that an inspection was made, but that under the terms of the contract there had not been enough work done to warrant the payment of this order. The order remained in the possession of the bank, and apparently the funds in the hands of the bank were not sufficient to pay all the claims, and this order was never paid.

I should say in passing that the record shows that the Pattisons were to secure other money in addition to the loan from the defendant company, and probably were to deposit that money with the fund that was borrowed from the building and loan company, and that payments were to be made out of such fund. Suffice it to say that the additional money was never procured, and consequently the money that was loaned by the loan company in question was not sufficient to meet all the obligations.

Such being the state of affairs, Schmitt procured a mechanic's lien to be filed upon the property, which lien has not been foreclosed, and which, as we look

at it, has no bearing in the instant case, because the mere taking of a lien would not discharge the obligation, if there were one under the order. But the suit was brought on this order and judgment rendered in favor of the plaintiff below, as already stated.

Several errors are mentioned why this verdict should be reversed and the judgment set aside. The claim is made that the court erred in his charge. He spent some time discoursing as to what constituted a contract, but it would seem to us that the real issue of the lawsuit was lost sight of.

Now the defendant in error here, plaintiff below, argues that this order was an assignment of the Pattisons' fund to Schmitt, and that he could sue on that assignment. Such a claim cannot be seriously maintained in the face of all the authorities. From their own statements there was a much larger amount of money due from the bank to the Pattisons than was due to any one of the persons to whom they might give an order.

It is an elementary doctrine of law that a cause cannot be split up by assigning part to one person and part to another. It must be assigned as a whole. An order upon a fund for less than all of the fund is no more an assignment of a portion of it than the giving of a check upon a bank is an assignment of so much interest of the fund in the bank. The decisions in this respect are uniform. It not being an assignment, then is it anything more than a bill of exchange? It is just exactly the same as though it were a check. A check is a bill of exchange drawn on a bank. An order is a bill of exchange drawn on a person. It may or may not

be upon a bank. In this case it happens to be a bank, but that does not change the legal effect. It is not an assignment *pro tanto* of the fund. The party who holds that order is in the same position as the party who holds a check drawn on a bank. There is no contract relation between them, and the party who holds the order, or the party who holds the check, cannot maintain an action against the bank merely because the bank refuses to pay it, for the reason, as already stated, there is no contractual relation between them.

It is argued by the plaintiff in error in this case that there was no consideration for this order. That argument is not tenable. The record shows that Schmitt furnished lumber and material to be used in the construction of this house, and if an order were given for that, and other things occurred, of which I will speak later, there is no question but that there was a consideration for it. The consideration was moving from Schmitt to the Pattisons, and Pattison gave an order upon the fund which he claimed the bank owed him. So the argument that there is no consideration for this is not tenable, and this is so even if Schmitt took a mechanic's lien. That is simply an added security. That does not discharge the obligation, and nothing but a payment of this mechanic's lien would discharge the obligation. This, too, is elementary law.

Now, what is the situation? If there had been an unequivocal acceptance of this order, then the relation of debtor and creditor would exist between the bank and Schmitt, and, the order not being paid, Schmitt could maintain an action, but in the absence of the acceptance of the order, and in the absence

of the acceptance of the check there is no relation upon which he can predicate a suit against the drawee of the order, or the check.

Was there, then, an unequivocal acceptance, and what was it incumbent upon the plaintiff to prove in this action? The record shows that on the 10th of March this order was finally presented, because what took place on the first does not become material. I say the record shows that the order was left with the bank, and the record shows that those in charge of the bank said they would investigate, and have an inspection, and, if the inspection showed that enough work had been done to warrant the payment of this order, they would pay it. Now, then, is it not incumbent upon the plaintiff to prove, in order to maintain his suit, for this it must be remembered was a conditional acceptance, that upon investigation the inspection did show that enough or more than enough work had been done to warrant the payment of his order? Surely that was only a condition precedent to the maintenance of a suit upon this order.

What does the record show in this respect? It shows the contrary. It shows that there was not enough work done upon inspection to warrant the payment of this order. That being so, the court wrongfully submitted this question to the jury in that respect, and his charge was misleading, and the plaintiff failed to make out a statement of facts which would warrant the payment of this order.

It is argued that the bank accepted this order. It is not very clear in the record why the bank kept it. Apparently the order stayed there, and if there had been enough work done at any time to warrant

the payment, it might have been paid, but we do not think, under the circumstances, that this was such an acceptance as would make the bank liable under all hazards.

We think, therefore, that the judgment of the municipal court is wrong and must be reversed. The judgment is therefore reversed, and the cause remanded to the trial court for a new trial.

*Judgment reversed and cause remanded.*

SULLIVAN, P. J., and LEVINE, J., concur.