By the Court.
 

 Edward Murphy, on July 19, 1924, being then an employee of the American Laundry Machinery Company, bought on credit from
 
 *332
 
 the Spencer Jewelry Company a diamond ring at a price of $137.83. He on that date executed an instrument whereby he assigned to the Spencer Jewelry Company 50 per cent. ,of the wages due, or which might thereafter within the period of 36 weeks from said date, or until his indebtedness to the Spencer Jewelry Company was paid, become due, from the American Laundry Machinery Company. Said instrument purported to authorize and direct said American Laundry Machinery Company, or any other company, firm, or corporation who might be his employer, upon such assignment or copy thereof being filed with them, to pay to the Spencer Jewelry ¡Company or order 50 per cent, of the wages or salary due or to become due according to said assignment until the amount stated should be fully paid.
 

 Murphy made three payments of $8 each on said indebtedness. The jewelry company, on December 1, 1924, filed with the laundry machinery company said assignment,- but the latter company refused to withhold any part of the wages of Murphy or-pay the same to the jewelry company-. Murphy left the ring on the counter-of the jewelry company, but they refused to accept the same in satisfaction of their claim; but held it as bailee.
 

 Murphy was employed by the laundry machinery company for a period greater than 36 weeks from the date of the assignment, and 50 per cent, of his wages from December 1, 1924, to the expiration of the 136 weeks amounted to more than $113.83.
 

 This action was brought by the jewelry company against the laundry machinery company to recover from the latter the balance due the former upon its claim against Murphy, $113.83.
 

 
 *333
 
 “Assignment of wages to be earned in tbe future under an existing employment is valid.”
 
 Rodijkeit
 
 v.
 
 Andrews,
 
 74 Ohio St., 104, 77 N. E., 747, 5 L. R. A. (N. S.), 564, 6 Ann. Cas., 761.
 

 At tbe time of the rendition of that decision, there was no statute either forbidding or limiting the assignment of wages. By reason of the provisions of Section 6346-12, General Code (110 O. L., 209), efr fective July 19,1923, a valid assignment may now be made of not more than 50 per cent, of the personal earnings of the assignor. The assignment involved in this controversy was for 50 per cent, of the assignor’s personal earnings. As prior to the enactment of that statute assignment could have been made of the entire claim without the acceptance of the employer, so, now, clearly, under the manifest provisions of the statute, the portion of the wages which is specifically authorized to be assigned may validly be transferred without the acceptance of the employer. Any other view would practically deny the right of assignment of even the portion of the wages specifically authorized to be assigned, and certainly would be contrary to the very intent and purpose of the statute.
 

 No question of the deprivation of a constitutional right is presented by the statute as thus construed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Robinson, J ones and Matthias, JJ., concur.