## BROWN SHOE CO. v. CARNS. *
### No. 9612.

Circuit Court of Appeals, Eighth Circuit.
May 15, 1933.

*Rehearing denied July 10, 1933.

Ralph T. Finley, of St. Louis, Mo. (James C. Jones, Lon O. Hocker, Frank H. Sullivan, Frank Y. Gladney, and James C. Jones, Jr.,

all of St. Louis, Mo., on the brief), for appellant.

Edwin C. Luedde, of St. Louis, Mo. (Augustus L. Abbott, Thomas T. Fauntleroy, Patrick H. Cullen, and John B. Edwards, all of St. Louis, Mo., and H. H. Needles, of Sidney, Ohio, on the brief), for appellee.

Before KENYON and SANBORN, Circuit Judges, and REEVES, District Judge.

SANBORN, Circuit Judge.

The appellant challenges the sufficiency of the evidence to sustain a judgment rendered against it in an action at law brought by the appellee, the trustee in bankruptcy of E. A. Hilleary, to recover an alleged preferential payment made by the bankrupt within four months prior to his adjudication. In this opinion the appellant will be referred to as "the creditor", the appellee as "the trustee", and E. A. Hilleary as "the debtor."

The debtor, a shoe merchant at Piqua and Xenia, Ohio, was adjudged a bankrupt on the 26th day of February, 1931, upon his voluntary petition. Total assets were scheduled as $8,226.15, and liabilities as $15,016.-33. The trustee actually received about $6,-000 in assets, consisting principally of an amount paid by an insurance company in settlement of a fire loss. On February 6, 1931, the debtor had transferred to the creditor $1,556.41 of the insurance money in payment of its claim. The trustee claimed that this payment constituted a voidable preference under the Bankruptcy Act, § 60a and § 60b, U. S. C., title 11, § 96 (a), (b), 11 USCA § 96 (a, b), and commenced this action to recover it. The case was tried without a jury. The court found for the trustee.

The creditor argues that the findings of the court (1) that the transfer took place on February 6, 1931, (2) that the debtor was insolvent at the time of the transfer, and (3) that the creditor or his agent at the time of the transfer had reasonable cause to believe it would effect a preference, were not justified.

■ It is, of course, elementary that this court will not disturb a finding of fact made by a lower court in an action at law if there is any substantial evidence to sustain it. Ætna Casualty & S. Co. v. Reliable Auto Tire Co. (C. C. A. 8) 58 F.(2d) 100, 103.

*As to the Time of the Transfer.* The creditor received its money on February 19, 1931. The money was a part of a $7,510.18 adjustment of a fire loss which occurred at the debtor's Piqua store on the 7th of January, 1931. The collection agent of the cred-

itor seven days after the fire had demanded and procured from the debtor an assignment of so much of the insurance money as would cover the creditor's claim. This assignment was never accepted by the insurer. The creditor left it for collection with an attorney by the name of O'Donnell, who represented other creditors. The insurer paid the loss on February 6 and 9, 1931, by two checks payable to the debtor, and the debtor indorsed the checks to O'Donnell, who remitted to the creditor upon its furnishing O'Donnell a bond for his protection in so doing. The creditor gave to the debtor no release of its claim before it received the money. There was no segregation of any part of the insurance money prior to its payment to the debtor; the creditor never had control over it until February 6th; and there was no actual depletion of the debtor's assets until that time.

■ Partial assignments are not enforceable at law in Ohio, where this transaction took place. Stanbery v. Smythe, 13 Ohio St. 495, 501; Federation S. & L. Co. v. Schmitt, 27 Ohio App. 378, 161 N. E. 349. See American Laundry Machinery Co. v. Daneman, 27 Ohio App. 103, 160 N. E. 867, affirmed in 118 Ohio St. 331, 160 N. E. 897. The rule is generally the same elsewhere. Rogers v. Penobscot Mining Co. (C. C. A. 8) 154 F. 606, 614, and cases cited; Mandeville v. Welch, 5 Wheat. 277, 288, 5 L. Ed. 87; Tiernan v. Jackson, 5 Pet. 580, 598, 8 L. Ed. 234; Chase Nat. Bank of N. Y. v. Sayles (C. C. A. 1) 11 F.(2d) 948, 958; Agency of Canadian C. & F. Co. v. American Can Co. (C. C. A. 2) 258 F. 363, 366, 367, 6 A. L. R. 1182; Sheatz v. Markley (C. C. A. 3) 249 F. 315, 317; National S. Co. v. County Board of Educ. of McDowell County (C. C. A. 4) 15 F.(2d) 993, 995; Escanaba Traction Co. v. Burns (C. C. A. 6) 257 F. 898, 904; Bosworth v. Jacksonville Nat. Bank (C. C. A. 7) 64 F. 615, 618. Hence the court below in this action at law was not required to regard this assignment as a transfer of the title to a portion of the debtor's property or as a depletion of his estate.

"Transfers of property, amounting to preferences, contemplate the parting with the bankrupt's property for the benefit of the creditor, and the consequent diminution of the bankrupt's estate." N. Y. County Nat. Bank v. Massey, 192 U. S. 138, 147, 24 S. Ct. 199, 201, 48 L. Ed. 380.

"Unless the creditor takes by virtue of a disposition by the insolvent debtor of his property for the creditor's benefit, so that the estate of the debtor is thereby diminished, the creditor cannot be charged with receiving a preference by transfer." National Bank of Newport, N. Y., v. Nat. Herkimer County Bank of Little Falls, 225 U. S. 178, 184, 32 S. Ct. 633, 635, 56 L. Ed. 1042. See, also, Continental & C. T. & S. Bank v. Chicago T. & T. Co., 229 U. S. 435, 443, 33 S. Ct. 829, 57 L. Ed. 1268; Bailey v. Baker Ice Machine Co., 239 U. S. 268, 274, 36 S. Ct. 50, 60 L. Ed. 275; Fourth Nat. Bank of Wichita, Kans., v. Smith (C. C. A. 8) 240 F. 19, 25; Miller v. Fisk Tire Co. (D. C.) 11 F.(2d) 301, 304.

The disposal of the money and its separation from the estate of the debtor thus took place on February 6, 1931, as found by the court below.

■ *With Reference to the Question of Insolvency on February 6, 1931.* The debtor was insolvent when adjudicated a bankrupt on February 26, 1931. There was evidence to the effect that no substantial change in his financial condition had taken place during the twenty days prior to the adjudication. There was evidence that he was just as insolvent on February 6th as he was on February 26th, and that is enough. J. Ochoa & Hermano v. Blanco (C. C. A. 1) 15 F.(2d) 618; Essex Nat. Bank v. Hurley (C. C. A. 1) 16 F.(2d) 427; Lowenstein v. Salop (C. C. A. 2) 55 F.(2d) 889, 891; Saper v. First Nat. Bank of Glen Cove (D. C.) 47 F.(2d) 343, 344; Irving Trust Co. v. Roth (D. C.) 48 F.(2d) 345, 346.

■ *With Reference to the Existence of Reasonable Cause to Believe that the Payment Would Effect a Preference.* The trustee proved the circumstances leading up to and surrounding the payment which was claimed to be preferential. In a general way, these circumstances were: In the fall of 1930 the creditor put its past-due claim against the debtor into the hands of a collection agency, and in November the agency's representative called upon the debtor. The debtor gave postdated checks covering the amount of the creditor's claim. Some of these checks were not paid when due. After the fire, the creditor's agent demanded an assignment of a sufficient portion of the insurance to be collected to cover the claim. This demand was at first refused by the debtor, who gave notes instead. The agent then went to O'Donnell, who, he learned, was planning to institute suits for others of the debtor's creditors whom he represented. The agent finally induced the debtor to give the assignment, and left it with O'Donnell for collection, promising a fee of $25 if he succeeded in making the collection without suit. O'Donnell later represented

many others of the bankrupt's creditors, and, when the insurance money was paid over and before he remitted to the creditor, knew of $9,300 in claims. He demanded of the creditor a bond which was obviously for O'Donnell's protection against any claim that the payment of this money was a voidable preference.

There was, perhaps, no direct evidence that on February 6, 1931, the creditor or his agent knew that the liabilities of the debtor exceeded his assets. There was evidence that the debtor up to that time had claimed that his assets exceeded his liabilities, but the conduct of the creditor and his agent negatives any substantial reliance upon the debtor's statements in that regard.

In order to recover, it was not necessary for the trustee to show that the creditor actually knew that a preference was being effected. Toof v. Martin, 13 Wall. 40, 49, 20 L. Ed. 481; Bassett v. Evans (C. C. A. 8) 253 F. 532, 535; Buchanan State Bank v. De Groot (C. C. A. 6) 39 F.(2d) 397, 398; 2 Collier on Bankruptcy (13th Ed., 1923) p. 1299; 4 Remington on Bankruptcy (3d Ed., 1923) § 1822.

It was only necessary that the circumstances established by the evidence be such as would lead a reasonably prudent man to that belief. Coder v. McPherson (C. C. A. 8) 152 F. 951, 953; Nichols v. Elken (C. C. A. 8) 225 F. 689, 692; Farmers State Bank v. Freeman (C. C. A. 8) 249 F. 579, 583; Bassett v. Evans (C. C. A. 8) 253 F. 532, 536; Musk v. Burk (C. C. A. 7) 58 F.(2d) 77, 79; 2 Collier on Bankruptcy (13th Ed., 1923) pp. 1300–1302; 4 Remington on Bankruptcy (3d Ed., 1923) § 1823.

Mere suspicion is insufficient. Paper v. Stern (C. C. A. 8) 198 F. 642, 645; Nichols v. Elken (C. C. A. 8) 225 F. 689, 691; Bassett v. Evans (C. C. A. 8) 253 F. 532, 535; 2 Collier on Bankruptcy (13th Ed., 1923) p. 1304. And the reasonable cause for belief must be one that a preference would result, not merely that it might result. Sumner v. Parr (D. C.) 270 F. 675, 677, affirmed (C. C. A. 2) 270 F. 677; Trepp v. State Nat. Bank, 315 Mo. 883, 901, 289 S. W. 540; 4 Remington on Bankruptcy (3d Ed., 1923) § 1825.

While it has been held that the knowledge of the failure of a debtor to discharge his obligations promptly is alone insufficient to establish reasonable cause to believe that a preference is being effected, First Nat. Bank of Phila. v. Abbott (C. C. A. 8) 165 F. 852, 859; Brookheim v. Greenbaum (D. C.) 225 F. 635, 637, affirmed (C. C. A. 2) 225 F.

763; Baxter v. Ord (C. C. A. 6) 239 F. 503, 505; In re Eggert (C. C. A. 7) 102 F. 735, 741; 4 Remington on Bankruptcy (3d Ed., 1923) § 1832, knowledge of dishonored checks has been considered as evidence tending to show reasonable cause for such belief. Pittsburgh Plate Glass Co. v. Edwards (C. C. A. 8) 148 F. 377; Grandison v. Nat. Bank of Comm. of Rochester (C. C. A. 2) 231 F. 800, 809; Lowenstein v. Salop (C. C. A. 2) 55 F.(2d) 889, 891; Buchanan State Bank v. De Groot (C. C. A. 6) 39 F.(2d) 397, 398; R. H. Herron Co. v. Moore (C. C. A. 9) 208 F. 134, 136; Conners v. Bucksport Nat. Bank (D. C.) 214 F. 847, 850, affirmed (C. C. A. 1) 216 F. 990; Williams v. Plattner (D. C.) 46 F.(2d) 467, 468; 4 Remington on Bankruptcy (3d Ed., 1923) § 1832.

The following cases in which transfers were held to constitute voidable preferences are somewhat analogous to this: Daniels & Fisher Stores Co. v. Gregg (C. C. A. 8) 9 F.(2d) 43; J. Ochoa & Hermano v. Blanco (C. C. A. 1) 15 F.(2d) 618; In re The Leader (D. C.) 190 F. 624.

From the facts and circumstances known to the creditor and its agent on the 6th day of February, 1931, we think that the court below was justified in finding that the creditor had reasonable cause to believe that the transfer complained of would effect a preference.

The judgment is affirmed.

