Benjamin H. Hellman, of Philadelphia, Pa., for petitioner-claimant.

Edward Cohen, Maurice A. Granatoor and Wexler & Weisman, all of Philadelphia, Pa., for trustee.

## In re MARSHALL E. SMITH & BRO., Inc.

### No. 20746.

District Court, E. D. Pennsylvania.

Aug. 1, 1940.

BARD, District Judge.

This case arises on a petition for review of an order of the Referee denying priorities to petitioners' wage claims and allowing them as general claims only.

The bankrupt had been in business for many years. In 1931, operations being unprofitable and the indebtedness large, the enterprise was turned over to Moskowitz & Herbach, who received an assignment of the stock of the Company. The claimants herein, Frank Houghkirk, Ludwig O. Liese and Samuel S. Polin, had been employees of the bankrupt both prior and subsequent to this transfer. In October, 1934, Moskowitz & Herbach, finding their operation unsuccessful, turned the business and its assets over to the claimants who received, without giving any consideration therefor, the entire issued outstanding stock, as follows: To Houghkirk, 40%; to Liese, 20%; and to Polin, 40%. These three operated the business until December 28, 1938, when the landlord distrained for rent. On January 5, 1939, the corporation made an assignment for the benefit

of its creditors at which time the claimants signed the following writing:

"January 5, 1939

"We and each of us, being the Stockholders, Officers and Directors of the Marshall E. Smith & Bro. Inc., for and in consideration of the sum of $1.00 and other good and valuable consideration, do hereby for ourselves, our heirs, executive (sic), administrators and assigns, waive any and all claim or claims for any preference, for wages or salary which may be due us or any of us, and do further agree that our claims for such wages or salary shall be subordinated to the claims of all Creditors.

"(Signed)
"Frank Houghkirk, Pres.
"Ludwig O. Liese, Vice Pres.
"Samuel Polin, Treas.
"Witness:
"Margaret M. Deverey
"1011 E. Tioga Street
"Philadelphia, Penna."

On January 12, 1939, a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., was filed, which was followed on April 1, 1939, by an adjudication in Bankruptcy.

On April 26, 1939, petitioners filed their claims for wages earned within three months of bankruptcy, in the respective sums of $557 (Houghkirk), $623 (Liese) and $438 (Polin), alleging rights to priority under Section 64, sub. a(2), 11 U.S.C.A. § 104, sub. a(2), which provides: "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be * * * wages, not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding, due to workmen, servants, clerks, or traveling or city salesmen on salary or commission basis, whole or part time, whether or not selling exclusively for the bankrupt; * * *."

To these claims for priorities the Trustee filed his objections averring (1) that claimants were not such wage earners as would be entitled to priorities under the Act and (2) that they had waived any priorities which they might have possessed. As previously noted, the Referee sustained the Trustee's objections and disallowed the claims for priorities.

From the testimony adduced before the Referee and the inferences which fairly may be drawn therefrom, it appears that although the claimants devoted a great deal of their time to selling, they were the actual managers of the business and, between them, supervised the conduct of its operation. Employees could be taken on or discharged by them and were subject to their direction and control. They alone constituted the corporation's Board of Directors, stockholders and officers. Although some details of management might have been delegated to certain experienced employees, questions of policy ultimately were determined by them. In sum, the operation of the business was their collective responsibility.

Such being the circumstances, the decisions are agreed that petitioners' claims for priorities must be denied. The cases are collected and fully discussed in the recent case of In re Pacific Oil & Meal Co., D.C., 24 F.Supp. 767, 770, in which it is stated: "Congress certainly never intended that wage claims of officers of a corporation—even minor officers—who are in any way responsible for management or who assist in policy forming should be given priority over the claims of general creditors * * * especially where such officers are also directors and, stockholders. * * * Likewise, one acting in an official capacity, with supervisory responsibility, should not be given priority." Of course, one entitled to priority under the Act will not be deprived thereof by the mere fact that he is a nominal officer or director of the bankrupt or owns shares therein. In re H. O. Roberts Co., D.C., 193 F. 294; Brady v. McCann, 6 Cir., 8 F.2d 928; In re Floyd Shoe Co., Inc., D.C., 3 F.Supp. 568. However, where it is shown that a claimant has acted in a managerial capacity, priority cannot be allowed and this despite the fact that he might also have performed services in no way related to his supervisory responsibilities. Irving Trust Co. v. Roth, D.C., 48 F.2d 345; In re L. W. Birmingham & Son Co., D.C., 1 F.2d 511. Particularly is this so where, as in the instant case, the claimants are the owners of the entire business and, disregarding the corporate shell, no real relationship of employer and employees is established. In re Progressive Luggage Corp., 2 Cir., 34 F.2d 138. Claimants seeking priorities under the Act must clearly establish their rights thereto. In re Pacific Oil & Meal Co., supra. In the

58

instant case, not only have petitioners failed in this regard but, as previously noted, since it appears that they were the owners and actual managers of the enterprise, they clearly are disentitled to any rights of priority.

With regard to the written agreement of waiver, there was testimony to the effect that the consideration stated therein was purely fictitious. Further, counsel for petitioners has argued that it could operate only as a waiver in favor of the assignee for the benefit of creditors and not in favor of the bankruptcy Trustee. However, in view of the conclusion already reached herein, consideration of this aspect of the case is rendered unnecessary.

Accordingly, the order of the Referee hereby is confirmed.