## In re LAWROW.

### No. 21554.

District Court, W. D. New York.

May 1, 1934.

John W. Hollis, of Hornell, N. Y., for petitioner.

Shults & Shults, of Hornell, N. Y., for judgment creditor.

KNIGHT, District Judge.

Petitioner was adjudicated a bankrupt on the 6th day of April, 1934. Prior thereto he had made an assignment of wages to Nicholas Argentieri, a creditor. Judgments had been secured against him by three other creditors and garnishee executions issued to the Erie Railroad Company, his employer. Petitioner requests an order restraining these creditors and the Erie Railroad Company from interfering with or holding up his wages. The assignment creditor opposes the granting of the relief on the ground that the assignment was a security obtained more than four months prior to the bankruptcy.

An assignment of future wages is no more than a contract until the wages are earned, and no lien attaches to wages earned after adjudication, and the obligation thereof, like other personal obligations, is discharged by bankruptcy. In re Blosser (D. C.) 2 F. Supp. 537; Seaboard Small Loan Corp. v. Ottinger (C. C. A.) 50 F.(2d) 856, 77 A. L. R. 956. Likewise, a garnishee execution does not attach as a lien until the wages are earned. In re Prunotto (D. C.) 51 F.(2d) 602.

It appearing from the affidavit of the petitioner that all of the debts above mentioned are dischargeable, the bankrupt is entitled to an order restraining the creditors from proceeding against his wages until the expiration of twelve months from the date of adjudication, unless he shall sooner apply for a discharge, and in such case until the question of such discharge shall be determined. Bankrupt is not entitled to an order restraining the employer from retaining his wages to the extent of the assignment and the garnishee executions until his discharge is granted, as failure to obtain such discharge would leave the obligations alive and the assignment and executions effective.

An order may be entered in accord herewith.